32087.   BARNES *v.* GOODNER.

DECIDED JULY 16, 1948.

*Hardin & McCamy*, for plaintiff in error.

*Pittman & Hodge*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Special ground one of the amended motion for a new trial contends that the trial court erred in refusing to charge upon timely request Code § 20-112 as follows: "A contract may be either entire or severable. In the former the whole contract stands or falls together. In the latter, the failure of a distinct part does not void the remainder. The character of the contract in such case is to be determined by the intention of the parties."

Special ground two of the amended motion for a new trial contends that the trial court erred in refusing to charge upon timely request the following: "I charge you that where a contract is entered into by which one of the parties agrees to furnish materials and do certain construction work in a workmanlike manner, the undertaking is an entire one, and in the absence of proof of acceptance of part performance, there can be no recovery on the contract for labor performed or materials furnished if there is a failure on the part of the contractor to perform the work in accordance with the contract."

That the contract provided that the stucco was to be waterproof is not in dispute, both the plaintiff and the defendant having so testified. The pleadings put in issue the question of whether or not the same actually was waterproof after the plaintiff left the job as a completed one. The plaintiff testified that the stucco was waterproof. The defendant and a number of his witnesses testified to the contrary. Accordingly, on this disputed issue the jury would have been authorized to find that the work was not completed according to the terms of the contract. In fact, their verdict being much less than the balance due for the completed contract, indicates they did so find. Therefore, if the contract is entire and not severable, the trial court erred in refusing the timely requests of the defendant to charge, provided the conduct of the defendant did not amount to a waiver of the principle of law contained in Code § 20-112.

■

At least a part of the following quotation from *Broxton* v. *Nelson*, 103 *Ga.* 327 (30 S. E. 38, 68 Am. St. R. 97), is set forth in' briefs of counsel for both parties: "This was an entire contract, and not divisible. Under its terms the plaintiff obligated himself to build four houses, and the defendant in turn obligated himself to pay a gross sum therefor. Story in his work on Contracts (5th ed. vol. 1, § 26) says: 'An entire contract is a contract the consideration of which is entire on both sides. The entire fulfillment of the promise by either, in the absence of any agreement to the contrary, *or waiver*, is a condition precedent to the fulfillment of any part of the promise by the other. Whenever, therefore, there is a contract to pay a gross sum for a certain and definite consideration, the contract is entire, and is not apportionable either at law or in equity.' " (Italics ours.) See also *Hunnicutt* v. *Van Hoose*, 111 *Ga.* 518 (36 S. E. 669) ; *Collins* 'v. *Frazier*, 23 *Ga. App.* 236 (98 S. E. 188).

Counsel for the plaintiff contends that a letter, in evidence, which the defendant wrote the plaintiff while ill in Florida, in which he states, "The job is nicely done and I thank you," amounts to a waiver of the principle of law contained in Code § 20-112, and cites the foregoing quoted part of the *Broxton* case, supra, with emphasis on the words "or waiver" contained therein.

In *Gray Lumber Co.* v. *Harris*, 8 *Ga. App.* 70, 76 (68 S. E. 749), Judge Powell, speaking for the court, defines waiver as follows: "Waiver is a voluntary relinquishment of some known right, benefit, or advantage, which, except for such waiver, the party otherwise would have enjoyed." See also *Mutual Life Insurance Co.* v. *Durden*, 9 *Ga. App.* 797 (72 S. E. 295) ; *Plumer* v. *Continental Casualty Co.* 12 *Ga. App.* 594 (77 S. E. 917) ; *Kennedy* v. *Manry*, 6 *Ga. App.* 816 (3), 819 (66 S. E. 29).

The evidence does not authorize the conclusive finding that at the time the defendant wrote the letter from Florida he knew this stucco on his building in Whitfield County, Georgia was not waterproof. It can not, therefore, be held as a matter of law, that he waived the principle of law contained in § 20-112 of the Code, and the refusal of the trial court to charge as requested in accordance with special grounds one and two of the amended motion for a new trial is error requiring a reversal of the case.

In special ground three of the amended motion for a new

trial the defendant contends that the trial court erred in failing to charge without request Code § 20-310, dealing with total and partial failure of consideration. Error is assigned upon the failure of the court to charge, both as to total failure and partial failure. The evidence is undisputed that the work done by the plaintiff was utilized by the defendant: that although $520 was paid therefor, it was not entirely worthless; that after it was done, the defendant got a completed job by paying out $790.65 more and using what was done, this being less than the $1000 sum contracted for originally. It is therefore not error to fail to charge on total failure of consideration, and this being included in the assignment of error, the same is without merit.

The judgment of the trial court overruling the motion for a new trial as amended is error for the reasons set out in the first headnote and first division of this decision.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*