## 48222. CLARK'S SUPER GAS, INC. v. TRI-STATE SYSTEMS, INC.

QUILLIAN, Judge. Tri-State Systems, Inc. brought this action in the Civil Court of Fulton County against Clark's Super Gas, Inc. seeking to recover a balance alleged to be due under a contract. The contract provided that the plaintiff would furnish 3 advertising signs for the defendant; the signs were to be located near specified exits on Interstate Highway 75. The contract

provided that the term would be for 36 months and provided a total payment of $380 per month for the 3 signs. The contract expressly stipulated that the signs would be "illuminated all night."

The defendant answered denying the material allegations of the complaint and included a counterclaim against the plaintiff in the amount of $126.67. After discovery proceedings the case came on for trial before the judge sitting without a jury. During the trial it was brought out that the plaintiff was unable to construct 2 of the signs and that the action in fact was to recover the monthly price of one of the signs which was located at the proper place but was not illuminated. The amount sought was $126.67 per month for the term of the contract. This was a total of $4,560.12. After hearing evidence, the trial judge entered a judgment finding for the plaintiff in the amount of $2,216.72. Appeal was taken from this judgment. *Held:*

Code § 20-112 provides: "A contract may be either entire or severable. In the former, the whole contract stands or falls together. In the latter, the failure of a distinct part does not void the remainder. The character of the contract in such case is determined by the intention of the parties." See *Barnes v. Goodner,* 77 Ga. App. 448 (1a) (49 SE2d 128); *Spalding County v. Chamberlin & Co.,* 130 Ga. 649, 654 (61 SE 533). Aside from the fact that a problem is presented as to whether each of the individual signs was severable from the contract as a whole, the controlling question here is the fact that a basic prerequisite of the contract, to wit, that the signs be illuminated was not complied with. It was incumbent upon the plaintiff to establish that it had complied with the conditions of the contract. See Code § 20-110. "The plaintiffs had the burden of proving that they performed the contract according to its terms, or for some legal reason such performance on their part was as a matter of law excused." *Friedman v. Goodman,* 222 Ga. 613, 617 (151 SE2d 455). See *Mutual Ben. Health &c. Assn. v. Hulme,* 57 Ga. App. 876, 883 (197 SE 85); *Irvindale Farms v. W. O. Pierce Dairy,* 78 Ga. App. 670, 685 (51 SE2d 712). In the absence of such proof the plaintiff could not recover under the express terms of the contract. "A person who seeks recovery under an alleged executed contract must show performance on his part or that his nonperformance was caused by the act or fault of the opposite party." *Cleveland v. Schwaemmle,* 96 Ga. App. 724 (101 SE2d 611). The plaintiff failed to show a legal reason to excuse its

nonperformance or that such was caused by the act or fault of the defendant.

There was no evidence in the record sufficient to establish a novation or a parol contract between the parties. The proof offered tended to show that the parties were in disagreement as to the location of the signs and that no agreement was ever reached as to the non-illuminated sign. While it is true that a party can waive the conditions of a contract and here a payment was made, this action was prior to the defendant discovering that the sign would not be illuminated. Thus, even though proof of payment may sometimes be used to show waiver, but not as a matter of law (*McKee v. Wheelus,* 85 Ga. App. 525, 528 (69 SE2d 788); 17A CJS 697, Contracts, § 492; 17 AmJur2d 841, Contracts, § 396), waiver can only occur where there is "a voluntary relinquishment of some known right, benefit, or advantage, which, except for such waiver, the party otherwise would have enjoyed." *Gray Lumber Co. v. Harris,* 8 Ga. App. 70, 76 (68 SE 749); *Barnes v. Goodner,* 77 Ga. App. 448 (1b), supra. Here it is clear that at the time the payment was made the sign was not up and there was nothing to indicate that it would not be illuminated.

While there was some evidence which would establish the plaintiff's right to recover under an implied contract, it should be noted that this right is predicated on establishing the reasonable value of the services rendered. *MacLeod v. Belvedale, Inc.,* 115 Ga. App. 444, 446 (154 SE2d 756). See *Collins v. Frazier,* 23 Ga. App. 236 (2) (98 SE 188). There was nothing to show what the reasonable value of the plaintiff's services was. Hence, recovery under that theory was not established.

Since the evidence was insufficient to sustain the judgment rendered, it must be reversed.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

SUBMITTED MAY 29, 1973 — DECIDED
SEPTEMBER 17, 1973.

*Albert A. Roberts,* for appellant.
*J. Norwood Jones, Lewis N. Jones,* for appellee.