28176, 28177. GODWIN v. WESTBERRY et al.; and vice versa.
28178. ALTAMAHA CONVALESCENT CENTER, INC. v.
GODWIN et al.

JORDAN, Justice. J. E. Godwin filed suit in Wayne Superior Court against H. J. Westberry, Jr., and Altamaha Convalescent Center, Inc., seeking specific performance of an alleged oral contract for the sale of corporate stock, damages for breach of contract, and also seeking recovery of money loaned to the corporate defendant. The trial court sustained a plea of the statute of frauds as to the contract for the sale and purchase of stock in the corporation, and gave his certificate for immediate review. An appeal from this judgment is the basis for the main appeal in Case No. 28176. The trial court overruled the defendant Westberry's motion to dismiss for failure to state a claim, motion to strike the prayer for specific performance, and certain other motions, which he alleges as error on his cross appeal in Case No. 28177. Altamaha Convalescent, Inc., moved to dismiss as to it for insufficient service and appealed from the order of the trial judge continuing a temporary restraining order pending the plaintiff's appeal, being the cross appeal in Case No. 28178. The appeal and cross appeals were docketed in the Court of Appeals and transferred by that court to this court.

A very brief summary of the facts as set forth in the petition and answer is as follows: Godwin and Westberry agreed to erect a nursing home, Westberry to furnish the land upon which it would be built at an agreed value of $25,000, for which he would be issued 25,000 shares of the corporation to be formed. According to Godwin, Westberry agreed to then transfer him 12,500 shares of the stock for the sum of $12,500, giving each a 50% ownership in the corporation. Godwin further alleged that he was to be the administrator of the home and his wife was to be director of nursing. After the formation of the corporation with 50,000 shares of capital stock authorized, 25,000 shares were issued to the defendant Westberry. Subsequent thereto 2,379.61 shares were issued to Godwin in payment for

pre-organizational advances made by him in the amount of $2,379.61. Godwin alleges that defendant then induced him to loan the corporation $25,000 to bear interest from date at the rate of 8% and to be repaid to the plaintiff before any stock dividends were paid. On or about March 1, 1972, a loan was secured by the corporation and construction of the nursing home was begun. Shortly thereafter the defendant Westberry demanded that the plaintiff pay into the corporation the additional sum of $22,620.39 for which he would be issued 22,620.39 shares of stock, which together with the previously issued 2,379.61 shares of stock, would give 50% ownership each to Godwin and Westberry. The plaintiff Godwin refused to pay this amount into the corporation, and at a stockholders meeting Godwin and his wife were removed from the Board of Directors. Godwin contends that he should pay into the corporation only the sum of $10,120.39 for the balance of the stock he is entitled to receive under his oral agreement with the defendant Westberry and that the court should enter a decree of specific performance of that agreement.

Case No. 28176.

The only enumeration of error in Case No. 28176 assigns error on the sustaining of the defendant Westberry's plea of the statute of frauds as to the alleged oral contract between Godwin and Westberry for the sale of the securities issued to the defendant Westberry. The Uniform Commercial Code specifically repealed Code § 20-401 (7) dealing with the sale of goods, etc., and enacted a new section dealing with the sale of securities and the statute of frauds. Code Ann. § 109A-8—319 specifically provides that a contract for the sale of securities is not enforceable by way of action or defense unless there is (a) some writing signed by the party against whom enforcement is sought or by his authorized agent sufficient to indicate that a contract has been made for sale of a stated quantity of securities at a stated price, or (b) that the securities have been delivered, accepted, and payment made, or (c) that there has been a writing in confirmation of the sale within a reasonable time, or (d) the party against whom enforcement is sought admits in his pleading, testimony, or otherwise in court that a contract was made for sale of a stated quantity of described securities at a defined or stated price. Since none of these conditions are alleged in connection with the alleged oral contract for the sale of the stock, the trial court did not err in sustaining the defendant Westberry's plea to the effect

that such alleged oral contract is not enforceable against him.
Case No. 28177.

In this case the defendant Westberry on cross appeal asserts error in the overruling of his motion to strike that portion of the complaint seeking specific performance of the oral contract for the sale of securities, in overruling his motion to strike that portion of the complaint seeking punitive damages for fraud; in overruling his motion to strike that portion of the complaint seeking attorney fees; and in overruling his motion to dismiss the complaint for failure to state a claim. After holding that the alleged oral contract for the sale of securities was within the statute of frauds and therefore unenforceable, the trial court erred in thereafter overruling the defendant's motion to strike that portion of the complaint seeking specific performance of the contract.

The trial court did not err in overruling the defendant's motion to dismiss for failure to state a claim. The allegations of the petition dealing with the alleged fraud of the defendant in procuring a breach of contract of employment, maliciously inducing the Board of Directors to fire the plaintiff, and in inducing the plaintiff to loan the corporation a sum of money, are sufficient to withstand the motion to dismiss for failure to state a claim.
Case No. 28178.

This is a cross appeal by the corporate defendant assigning error on the trial court's order continuing the restraining order to maintain the status quo between the parties pending the appeal. The record shows that service was perfected upon the corporate defendant and the trial court did not thereafter err in issuing a restraining order maintaining the status quo pending the appeal.

*Judgment affirmed in Case No. 28176. Judgment affirmed in part; reversed in part in Case No. 28177. Judgment affirmed in Case No. 28178. All the Justices concur.*

ARGUED SEPTEMBER 11, 1973 — DECIDED DECEMBER 3, 1973.

*Gibbs & Leaphart, J. Alvin Leaphart,* for appellant.
*Albert E. Butler,* for appellees.