33788. PATTERSON et al. v. PROFESSIONAL
RESOURCES, INC. et al.
33789, 33790. PROFESSIONAL RESOURCES, INC. et
al. v. PATTERSON et al. (two cases).

MARSHALL, Justice.

This is an action by William and Frances Patterson against Professional Resources, Inc., and its registered agent, Phillips. The complaint as amended contains five counts. The corporate defendant filed an answer and counterclaim. The trial judge sustained defendant Phillips' motion to dismiss as to him, entered final judgment for him, and sustained two motions to dismiss of the corporate defendant, the latter collectively dismissing all five counts as to it. On October 27, 1977, the trial judge entered a final judgment against the plaintiffs, from which they filed a notice of appeal on November 25, 1977. The defendants cross appeal from the orders denying their motions to dismiss the main appeal.

1. (a) The trial judge did not err in denying the motion to dismiss the main appeal on the ground of failure to timely appeal from the order of October 8, 1977, which dismissed all of the remaining counts of the complaint, hence was contended to be a final, appealable judgment. Regardless of the appealability or not of this order had there been no counterclaim pending, the pendency of the counterclaim plus the absence in said order of the trial judge's express determination that there was no just reason for delay and express direction for the entry of judgment, prevented the order from being final and appealable. Code Ann. § 81A-154 (b) (Ga. L. 1966, pp. 609, 658; 1976, pp. 1047, 1049).

(b) Nor did the trial judge abuse his discretion in denying the motion to dismiss the appeal on the ground of the appellants' delay in paying the costs and filing the transcript. It appears from the record that the delay in transmission of the record until December 29, 1977, was due to the stress of work in the clerk's office; that the appellants received the statement from the clerk's office on January 3, 1978, and paid the costs on January 13, 1978; and that the trial judge did not find that the delay was unreasonable, or that any unreasonable delay was

inexcusable.

"The failure to timely file a transcript is not a basis for dismissal of the appeal unless the trial court finds that the delay was unreasonable, and that the unreasonable delay was inexcusable. Code Ann. § 6-809 (b). See *Young v. Climatrol Southeast Dist. Corp.*, 237 Ga. 53 (226 SE2d 737) (1976). The trial court's decision on this issue will be reversed only for an abuse of discretion. See *Gilman Paper Co. v. James*, 235 Ga. 348 (219 SE2d 447) (1975). Cf. *Young v. Climatrol Southeast Dist. Corp.*, supra. There was no abuse of discretion in this case." *DuBois v. DuBois*, 240 Ga. 314 (1) (240 SE2d 706) (1977).

2. Our rulings as to the merits in the remaining divisions of this opinion make the appellees' motion to dismiss defendant Phillips as a party appellee moot; therefore, the motion is not ruled on.

3. Counts 1 and 3 seek recovery based on an alleged oral agreement for the defendants to purchase stock from plaintiff Frances Patterson, and ask the court to reform the provisions of the alleged written agreement.

"The Uniform Commercial Code specifically repealed Code § 20-401 (7) dealing with the sale of goods, etc., and enacted a new section dealing with the sale of securities and the [S]tatute of [F]rauds. Code Ann. § 109A-8—319 specifically provides that a contract for the sale of securities is not enforceable by way of action or defense unless there is (a) some writing signed by the party against whom enforcement is sought or by his authorized agent sufficient to indicate that a contract has been made for sale of a stated quantity of securities at a stated price, or (b) that the securities have been delivered, accepted, and payment made, or (c) that there has been a writing in confirmation of the sale within a reasonable time, or (d) the party against whom enforcement is sought admits in his pleading, testimony, or otherwise in court that a contract was made for sale of a stated quantity of described securities at a defined or stated price." *Godwin v. Westberry*, 231 Ga. 492, 493 (202 SE2d 402) (1973).

The only written agreement in the record allegedly pertaining to the sale of the stock is one between the defendant corporation and plaintiff William Patterson, which agreement specifies that "[t]his contract represents

the entire agreement between the parties." The appellants have conceded that this contract was invalid by acceding to the trial judge's dismissal of Count 2, which sought a recovery by plaintiff William Patterson based on that contract. They contend, however, that the invalidity of the contract is irrelevant to their claim, which is based not on the written contract, but on an alleged oral contract. Since, under Code Ann. § 109A-8—319, supra, some writing is required to enforce such a contract absent any of the other specified factors, and since the written contract is between parties other than plaintiff Frances Patterson, is invalid, and excludes other agreements, this contract cannot be used to supply the requisite writing. Likewise, a subsequent letter from the defendants to plaintiff William Patterson confirming the invalid contract between parties other than plaintiff Frances Patterson, and indicating the intention of replacing it with another instrument in the future, would not suffice as a writing with reference to plaintiff Frances Patterson. Regardless of what agreement the appellants seek to reform, neither a void contract (66 AmJur2d 533, Reformation of Instruments, § 7) nor a parol contract (76 CJS 333, Reformation of Instruments, § 8) can be reformed.

Thus, these counts were subject to dismissal pursuant to the defendant's answer pleading the Statute of Frauds and pursuant to the defendant's motion to dismiss, the facts being completely disclosed on the face of the pleadings. *Murrey v. Specialty Underwriters, Inc.,* 233 Ga. 804, 807 (213 SE2d 668) (1975).

4. Count 4 seeks recovery on the theory of unjust enrichment based on the defendants' refusal to pay to plaintiff Frances Patterson the alleged balance of the purchase price of the securities "as agreed." Since there was no obligation on the part of the defendant to pay such sum, Count 4 was properly dismissed.

5. Count 5 seeks recovery based on the defendants' fraud in entering into the alleged agreement with intent to defraud the plaintiffs of the purchase price of the stock. Fraud cannot be predicated upon statements which are promissory in their nature as to future acts. *First Nat. Bank &c. Co. in Macon v. Thompson,* 240 Ga. 494, 495

(241 SE2d 253) (1978) and cits. The alleged contract upon which the plaintiffs' claim is based is a parol contract, which illustrates the very reason for the enactment of the Code Ann. § 109A-8—319 Statute of Frauds as to this subject matter. Furthermore, having failed to rescind the alleged agreement, etc., the appellants are bound by its terms, including the disclaimer of any other agreements than the (invalid) written one. *Kot v. Richard P. Rita Personnel System Intl.*, 134 Ga. App. 438, 439 (214 SE2d 690) (1975) and cits. Moreover, the allegations of fraud are merely reassertions of allegations of fraud in Count 2, the dismissal of which with prejudice, unappealed from and not enumerated as error, makes the issue of fraud res judicata.

The trial judge did not err in dismissing Counts 1, 3, 4 and 5 of the complaint and in entering judgment in favor of the defendants.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 11, 1978 — DECIDED OCTOBER 31, 1978.

*Bivens & Richardson, L. Brown Bivens,* for Patterson et al.

*Richard C. Freeman, III,* for Professional Resources, Inc. et al.