58447. WATTS et al. v. OAKES.

SHULMAN, Judge.

This appeal is from an order denying appellants' motion to set aside a default judgment pursuant to Code Ann. § 81A-160 (d). We affirm.

1. Due to appellants' noncompliance with a court order requiring the posting of a supersedeas bond or the dismissal of appellants' appeal upon failure to do so, the clerk did not prepare or forward a record in a timely fashion. Appellee's motion to dismiss this appeal for unreasonable and inexcusable delay in filing a transcript is denied.

The record shows that upon appellants' motion, the dismissal was set aside under the authority of *DeFee v. Williams,* 114 Ga. App. 571 (2) (151 SE2d 923), and the appeal reinstated. If appellee desires to challenge the propriety of the court's order allowing this appeal, this complaint should have been made by way of cross appeal and not a motion to dismiss. Compare *Bettis v. Leavitt,* 236 Ga. 213 (4) (223 SE2d 88), with *Patterson v. Professional Resources, Inc.,* 242 Ga. 459 (1b) (249 SE2d 248). See generally *Smith v. Smith,* 128 Ga. App. 29 (1) (195 SE2d 269) noting that the late filing of the transcript of evidence and proceedings is no longer grounds for dismissal of appeals by the appellate courts.

2. Appellants submit that the court erred in issuing a default judgment without hearing any evidence thereon. See e.g. *Wallis v. McMurray,* 91 Ga. App. 549 (4) (86 SE2d 529). Compare *Rogers v. Griggs,* 235 Ga. 273 (219 SE2d 372). With this we cannot agree.

The verified complaint forming the basis for the default judgment averred that "Defendants are indebted to Plaintiff pursuant to an employment agreement for liquidated damages in the amount of $7,029.62." While the legal conclusion that the damages were liquidated was not admitted by default, (see *Summerour v. Medlin,* 48 Ga. App. 403 (1) (172 SE 836)), the complaint otherwise sets forth an ex contractu claim seeking a liquidated amount. This being so, and since there is nothing appearing in the pleadings or on the face of the record to indicate the damages were unliquidated, the court properly denied the motion to set aside. *Griffin v. First Prof. School of Ga.,* 149 Ga. App. 22 (253 SE2d 422). Cf. *Loukes v. McCoy,* 129 Ga. App. 167 (4) (199 SE2d 125). Compare *Canal Ins. Co. v. Cambron,* 240 Ga. 708 (242 SE2d 32) involving a motion to set aside pursuant to Code Ann. § 81A-160 (e).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 5, 1979 — DECIDED OCTOBER 29, 1979.

*Dennis C. O'Brien,* for appellants.
*James A. Hardigg,* for appellee.