60542. RAMCO ROOFING & SUPPLY COMPANY, INC. et al.
v. KAMINSKY et al.

CARLEY, Judge.

On October 22, 1976, the appellant contracted to "provide all the necessary materials, equipment, insurance and labor" for repair of the roof on appellees' building. The contract price was $18,000, "[p]ayment due in full upon completion of job." The contract further provided "[a]ll work to be performed in a workmanlike manner . . . ."

The appellant commenced work under the contract and progress payments in the amount of $14,000 were made by appellees. Although the appellant finished the job, no further payments were made to the appellant because the appellees contended that the roof had not been repaired in accordance with the contract specifications and that it leaked. The appellees instituted the instant action against the appellant, alleging that appellant's performance under the contract "was so inadequate, incomplete and unworkmanlike as to constitute a complete failure of [its] contractual responsibilities and that [it is] therefore indebted to [appellees] for breach of contract in the sum of $14,000.00." The appellees also sought $3,000 for damages to the wooden floor of the building, alleged to be the result of the leaking roof and $12,000 for "loss of rental for the space under said roof area." The appellant answered, denying the material allegations of the complaint and filed a counterclaim seeking judgment for the $4,000 it contended was owed under the contract. In the main action, the jury returned its verdict in favor of the appellees and against the appellant in an amount of $10,000. The jury also found for the appellees on appellant's counterclaim. Judgment was entered on the verdict and the appellant appeals.

1. The appellant enumerates error in the giving of the following instruction: "If you find that there are conflicts in the evidence, it is your duty under our law to reconcile those conflicts whenever possible so as to make all the witnesses speak the truth and not attribute a false statement to any of them, but if you find that this cannot be done, then you would believe the evidence most reasonable and credible to you and decide the case by the preponderance of the evidence." We find the appellant's argument that this instruction invaded the province of the jury to be meritless. *White v. Fulton,* 68 Ga. 511 (1882). The instruction being clearly correct and adjusted to

the evidence, we find no error. *Taff v. Larey,* 29 Ga. App. 631, 632 (9) (116 SE 866) (1922).

2. On direct examination, one of appellees' witnesses was asked a question which called for an opinion. Appellant's counsel objected, giving as one of several grounds for the objection the failure to lay a foundation for "this witness to give an opinion as to that particular question." The trial court, in ruling on the appellant's objection, stated: "I think it has. I believe it's been shown that he has experience in this sort of thing. I think the foundation is there and the facts are there. Overruled." It is urged on appeal that this statement by the court in overruling the objection was, under Code Ann. § 81-1104, an impermissible judicial comment on the evidence. We find this argument to be totally without merit. " '[W]hen an objection is made to evidence offered, the judge has a right, if he deems proper, to give his reasons for his decision on the objections; and such reasons so given, if pertinent to the objections made, do not constitute such an expression of opinion as to violate the code section above cited.' [Cits.]" *Collins v. State,* 143 Ga. App. 583, 586 (239 SE2d 232) (1977). "By prefacing his remark by the words 'I think,' [or 'I believe'] the trial judge did not change the ruling on the objection to an opinion ..." *Patrick v. State,* 245 Ga. 417, 421 (265 SE2d 553) (1980).

3. Error is enumerated in the giving of the following charge: "A party to an entire contract who has partly performed it and subsequently abandons the further performance according to its stipulations, and voluntarily and without fault on the part of the other party, or his consent thereto, can recover nothing for such part performance. Unanticipated difficulty does not excuse performance of a contractual duty."

The principle of law presented in the first sentence of the quoted instruction was a correct statement in the abstract. *Ala. Gold Life Ins. Co. v. Garmany,* 74 Ga. 51 (2d) (1884), and adjusted to the facts of the instant case. *Barnes v. Goodner,* 77 Ga. App. 448 (49 SE2d 128) (1948).

The appellant apparently concedes that the charge on "unanticipated difficulties" contained in the second sentence of the instruction states an accurate principle of law and does not argue that it is erroneous for that reason. See generally, *Cannon v. Hunt,* 113 Ga. 501 (38 SE 983) (1901). It is urged, however, that the charge was erroneous because there was no evidence of "unanticipated difficulty" to warrant the instruction. After our review of the record we are inclined to agree with appellant insofar as it contends there was no such evidence of "unanticipated difficulty" in the case for the simple reason that the appellant never contended that any failure by it to perform under the contract was "excusable" for reasons of

"impossibility" of performance. Rather, appellant defended on the ground that it was in total compliance with its obligation of performance under the contract and had never breached it and that, by failing to make the remaining payment, it was the appellees who were in breach of their performance thereof. In short, the evidence in this case goes solely to whether or not the respective contractual performances were or were not honored, not whether any failure by appellant to so perform was "excusable." However, even assuming that a charge on "unanticipated difficulty" was not supported by the evidence, the appellant cites no reason why the giving of the instruction, which was an accurate statement of the law, prejudiced its case or harmed its defense in any way. The instruction did no more than accurately state that "unanticipated difficulty" is not a "defense" to a suit for breach of contract. We therefore find that, even assuming that the charge was "erroneous," it was, under the circumstances, not harmful. *Scoggins v. State,* 98 Ga. App. 360 (106 SE2d 39) (1958); *Rentz v. Collins,* 51 Ga. App. 782, 783 (3) (181 SE 678) (1935). The jury was instructed as to the duty of contractual performance and we find no reversible error for any reason urged on appeal.

4. In the remaining enumerations of error, which are addressed to the general grounds, the appellant argues in two of them that the verdict of the jury was "strongly against the weight of the evidence." "Even where an appellant proceeds directly by notice of appeal rather than by motion for new trial, the appellate courts undertake only to determine the sufficiency of the evidence, not to weigh it." *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976). We therefore consider the remaining enumerations as raising the general grounds of the "sufficiency of the evidence" and address them accordingly. Suffice it to say that there is sufficient evidence to authorize the jury's findings that the appellant had breached its contract and to support the verdict in the main action and on the counterclaim. *Barnes v. Goodner,* 77 Ga. App. 448, supra. There was a sufficient evidentiary basis from which the jury could assess damages based upon the breach and the verdict returned is within the range authorized thereby. *Lurlee, Inc. v. Pernoshal-39 Co.,* 135 Ga. App. 724 (218 SE2d 701) (1975). While the appellant argues that the appellees failed to introduce any evidence that they attempted to mitigate those damages and that their verdict in the main action must fall for this reason, "[t]he burden is upon the party asserting that the opposite party could have lessened his damages . . ." *Davidson v. Consolidated Quarries Corp.* 99 Ga. App. 359, 360 (8) (108 SE2d 495) (1959).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 16, 1980 — DECIDED DECEMBER 4, 1980.

*David J. Kelly,* for appellants.
*Ben B. Mills, Jr.,* for appellees.