61468. HILL AIRCRAFT & LEASING CORP. v. PLANES, INC.

QUILLIAN, Chief Judge.

This is an appeal from a summary judgment.

1. This case was formerly before this Court and was remanded to the trial court for a hearing to determine whether appellant Hill Aircraft had waived its right to a hearing on appellee Planes, Inc.'s motion for summary judgment. After hearing the trial court found that appellant had waived a hearing on the motion. We find the evidence sufficient to support the trial court's finding and turn now to appellant's claim that the grant of summary judgment to appellee was error.

2. Appellant desired to purchase a specific aircraft from appellee for resale to one of its clients. Oral negotiations were conducted between Auten, representing appellant, and Block, president of appellee, and appellee orally accepted appellant's oral offer to purchase. Hill, president of appellant, then prepared a

document entitled "Sales Agreement" based on information given to him by Auten. The agreement stated that appellee agreed to sell the described aircraft for $525,000, with a damaged engine repaired. The aircraft was to be delivered by appellee by July 28, 1978, with a loaner engine in place of the engine removed for repair, at no expense to appellee; and a 100-hour inspection completed on the aircraft at no expense to appellant or its client. A deposit of $25,000 was to be made with the balance of $500,000 on delivery. The document ended with the statement "This agreement entered into this July 13, 1978 between Hill Aircraft & Leasing Corp. and Planes, Inc." and was read and signed for appellee by its president, Block, and for appellant by its president, Hill. Appellant thereupon paid appellee the $25,000 deposit. On July 26, appellee sent sales documents to appellant's bank to complete the sale and receive payment of the balance of the purchase price. By July 28, appellee had not received payment and notified appellant's attorney it was due. When payment was not received by August 2, 1978, appellee filed this suit alleging appellant breached and obtained an order from the trial court giving appellant the option of returning the sales documents or paying the balance of the purchase price. Appellant thereupon paid the balance of the purchase price to appellee, which included $50,000 paid into court to cover the expense of the repair of the engine. Appellant answered the complaint denying that appellee had delivered the aircraft on July 28 with the loaner engine and the 100-hour inspection completed in accordance with the agreement, and counterclaimed for damages for breach by appellee. Thereafter, appellee's motion for summary judgment as to liability on its claim against appellant and on appellant's counterclaim was granted.

In granting the motion for summary judgment, the trial court held that the written sales agreement did not constitute a valid contract because it lacked mutuality and relied upon parol evidence of the oral agreement, which differed in material respects from the written agreement.

Was the trial court correct in finding that the written sales agreement did not constitute a valid contract because it lacked mutuality of obligation in that appellant did not promise or obligate itself in writing to buy the aircraft?

Examination of the sales agreement prepared by appellant and especially the closing statement that the agreement was between Hill Aircraft and Planes, Inc., clearly indicates that appellant agreed to purchase the aircraft, although it was not so stated in those words. Additionally, appellant partially performed on the agreement by paying appellee the specified $25,000 deposit.

"[E]ven if the contract might not have been enforceable, on the

ground that it was without consideration and mutuality, partial performance of the contract . . . supplied the lack of mutuality and rendered the contract enforceable. *Brown v. Floding,* 173 Ga. 400 (160 SE 604); *Stevenson v. Atlanta &c. Corp.,* 72 Ga. App. 258, 262 (33 SE2d 568), cert. den.; *Barnes v. Didschuneit,* 94 Ga. App. 661, 664 (96 SE2d 216), cert. den.; 17 CJS, Contracts, § 100 (3), p. 799." *Venable v. Block,* 138 Ga. App. 215 (2), 217 (225 SE2d 755).

Under these circumstances we find that the trial court erred in holding that the written sales agreement did not constitute a valid contract.

3. Did the trial court err in holding that appellee was entitled to summary judgment because it had performed all of its obligations under the contract?

Appellant contends that appellee defaulted because it did not tender the aircraft for delivery on July 28 in the condition agreed to; that is, with a loaner engine and a completed 100-hour inspection.

Appellee, claiming the written agreement was ambiguous concerning the loaner engine and relying on parol evidence in its favor, claims it had no obligation concerning the loaner engine and that the 100-hour inspection had been completed.

A. The contract language is not ambiguous. It clearly states that the "aircraft will be delivered by Planes, Inc. (with a loaner engine from Air Research, cost to be paid by the new owner)." The evidence is undisputed that on the date set for delivery the loaner engine had not been installed. It follows that appellee did not tender the aircraft for delivery in the condition agreed upon and was thereby in default of the agreement.

Appellee's argument that parol evidence of the oral negotiations and agreement can be used to determine what the parties really intended concerning delivery with a loaner engine is without merit as the written agreement cannot be altered by parol evidence.

"[P]arol evidence as to the terms of the agreement made prior to execution of the document is not effective to vary the terms of the written contract. *Cleghorn v. Shields,* 165 Ga. 362 (141 SE 55); Code Ann. § 109A-2—202 (Ga. L. 1962, pp. 156, 177)." *Romines v. Wagstaff Motor Co.,* 120 Ga. App. 608 (1), 610 (171 SE2d 752).

B. To establish that the 100-hour inspection obligation had been complied with, appellee filed with its motion for summary judgment the affidavit of Block to which was attached a letter from the former owner of the aircraft forwarding a service work order from Airesearch Aviation, also attached, which showed that an inspection had been completed on the aircraft in question. Neither of these documents was sworn to or certified. Block stated in the affidavit that the service work order meant that the 100-hour inspection had been

conducted.

Code Ann. § 81A-156 (e) states: "Supporting and opposing affidavits shall be made on personal knowledge, and shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith."

Block's affidavit did not meet the requirements of the above statute as he had no personal knowledge that the 100-hour inspection had been completed and he based his opinion that it had been on documents not authenticated in accordance with Code Ann. § 38-711, which controls the admission in evidence of writings kept in the ordinary course of business. The affidavit was thus hearsay and of no probative value.

"Absent the preliminary proof required to qualify under Code Ann. § 38-711, the affiant's statements as to facts, the knowledge of which he obtained from records not personally kept by him, were hearsay and had no probative value. [Cits.]" *Thomasson v. Trust Co. Bank,* 149 Ga. App. 556, 559 (254 SE2d 881).

Because the evidence does not show that appellee had fully performed under the contract, we find that the trial court erred in granting summary judgment to appellee.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 4, 1981 —
REHEARING DENIED MARCH 31, 1981.

*James F. Stovall III,* for appellant.
*Ronald D. Reemsnyder, Edgar A. Neely III,* for appellee.