## 64559. CROWE, CARTER & ASSOCIATES, INC. v. HYDE.

McMURRAY, Presiding Judge.

This case arises out of a real estate commission earned by Crowe, Carter & Associates, Inc. in the sale of property of Clarence Hyde to a partnership. In payment of the property the partnership executed a promissory note and deed to secure debt to Hyde to pay for the property over a period of time. However, the note contained an exculpatory clause wherein the purchasers (partnership) had no personal liability with respect to the note or the indebtedness, the holder agreeing to look solely to the real property conveyed in the event of default and not to seek a personal judgment nor to endeavor to enforce personal liability for the payment of such indebtedness in that event. In payment of the real estate commission to Crowe, Carter & Associates, Inc., Hyde in turn executed a promissory note for value received agreeing to pay the broker 10% of all amounts received by him under the partnership note. This note stated: "My obligation for payments hereunder are contingent upon my receipt of payments due under the terms of the aforesaid Note." Payments were duly made to the broker with reference to the 10% of all amounts received by Hyde until the partnership ceased to make any payments, and it was necessary to foreclose under the power of sale contained in the deed to secure debt. Hyde duly exercised the power of sale contained in the deed to secure debt, and the property was returned to him. Crowe, Carter & Associates, Inc. contends it had earned the entire real estate commission, however, Hyde contends that he had paid all cash payments under the note that he had received and having agreed only to pay 10% of all amounts received by him, his obligation under

the notes was contingent only upon receipt of cash payments, and he did not owe any further real estate commission to Crowe, Carter & Associates, Inc.

Crowe, Carter & Associates, Inc. sued Hyde as to the note executed by him contending that the maker of the partnership note had paid him in full when Hyde "duly exercised a power of sale" contained in a certain deed to secure debt from the partnership and had applied certain cash proceeds of that sale to the debt. Plaintiff further contended that defendant had made payments of interest only through and including the calendar year 1976 but had not paid any part of the principal balance thereof or since the calendar year 1976 any interest thereon (the original debt being in 1971) and is now in default and the entire balance of said note is due.

The defendant answered, admitting jurisdiction, the making of the note and the terms thereof whereby he agreed to pay 10% of all amounts received by him following receipt of payment by the partnership but otherwise denied the remaining averments of the claim. The defendant also filed other defenses such as a failure to state a claim and the promissory note was given solely by the defendant to the plaintiff with reference to a real estate commission owing to the plaintiff as the result of the sale of real estate to the partnership by the defendant in which the plaintiff acted as a participating broker and the sole consideration of said note was the payments the defendant was to receive with reference to the purchase price of the real estate sold by the defendant but not having received payment of said purchase price and having been forced to reacquire the aforesaid property there was a total failure of consideration for the promissory note sued upon by plaintiff. Another defense was that since 1976 the defendant had received no further payments under the terms of the note from the partnership and he was forced to exercise the powers of foreclosure under that note and deed to secure debt to obtain the return of his property, hence "extinguishing his obligation under the note sued upon."

Plaintiff moved for judgment on the pleadings, admitting therein that the defendant had sold a certain parcel of land to the partnership and as a part of the transaction it had acted as broker; that the partnership had executed the promissory note and deed to secure debt to the defendant in payment, and it had received defendant's promissory note for its commission on the sale of the property. Therefore, with the foreclosure of the property under the deed to secure debt this amounted to payment of the promissory note executed by the partnership to the defendant hence the contingency as set forth in the promissory note executed by defendant to plaintiff had occurred, and the debt is totally due and owing to it. Both

supporting and opposing briefs were filed by the parties and filed in the trial court.

After a hearing plaintiff's motion for judgment on the pleadings was denied, and defendant was granted a judgment against the plaintiff and the complaint was dismissed. The court therein stated that same was granted "from the face of the pleadings and stipulation of the parties that the controlling question of law is whether or not the foreclosure by defendant under the terms of defendant's security deed amounted to payment of the promissory note secured thereby," and held that the foreclosure by the defendant under the terms of said security deed did not amount to payment of the secured indebtedness which would require payment by defendant of plaintiff's promissory note. Plaintiff appeals. *Held:*

It is clear that in considering the plaintiff's motion for judgment on the pleadings the trial court considered matters outside the pleadings which were presented and not excluded by the court. See Code Ann. § 81A-112 (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). As stated by the court, the parties have stipulated that the controlling question of law was whether or not the foreclosure by the defendant under the terms of the deed to secure debt amounted to payment of the promissory note secured thereby. Both parties have stipulated in this court that this is the true interpretation of the case and the facts as disclosed above are true. No "cash proceeds" were received by the holder of the indebtedness (the partnership note) when the land was sold by foreclosure and only the land was returned to the seller (defendant Hyde). The promissory note of the seller required payment only for amounts received by the seller under the partnership note and clearly stated that his obligation for payments "are contingent upon . . . receipt of payments due under the terms of the . . . " partnership note. Since only the land was returned to the defendant no further payment under the note was due the plaintiff. The contingency in the promissory note never having been met the defendant's obligation to pay the plaintiff thereunder terminated. See Code § 20-902; *Motors Mtg. Corp. v. Purchase-Money Note Co.,* 38 Ga. App. 222 (2) (143 SE 459). As the stipulated evidence demanded a finding in favor of the defendant, the trial court did not err in granting judgment in favor of the defendant, even though the plaintiff had moved for judgment on the pleadings (in which the court considered matters outside the pleadings making the issue here purely a question of law). See *Applegarth Supply Co. v. Schaffer,* 130 Ga. App. 353, 356-357 (203 SE2d 277); *Massey v. Consolidated Equities Corp.,* 120 Ga. App. 165, 168 (169 SE2d 672); *Golston v. Garigan,* 245 Ga. 450 (265 SE2d 590); *Cruce v. Randall,* 245 Ga. 669, 670-671 (266 SE2d 486), affg. s.c., 152

Ga. App. 183 (262 SE2d 488).
*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 21, 1982 —
REHEARING DENIED OCTOBER 8, 1982.

*Timothy J. Sweeney, Perry A. Phillips,* for appellant.
*Michael Roach,* for appellee.