66656, 66882. HILL AIRCRAFT & LEASING CORPORATION v. PLANES, INC.; and vice versa.

McMURRAY, Presiding Judge.

In the third appearance of this case in this court, (the first appearance being a mere remand by order), Hill Aircraft & Leasing Corporation (Hill Aircraft) appeals from a jury verdict and judgment in favor of Planes, Inc., in the amount of $70,323 in actual damages plus interest and attorney fees.

The suit was initially filed by Planes, Inc. on August 2, 1978, alleging that Hill Aircraft had breached a sales agreement executed by the parties whereby the plaintiff agreed to sell a specified airplane to defendant Hill Aircraft for $525,000 with damaged engine repaired. The contract required plaintiff to deliver the aircraft to defendant by July 28, 1978, equipped with a loaner engine in lieu of the engine removed for repair at no expense to Hill Aircraft. Plaintiff was also obligated to complete a 100-hour inspection on the aircraft prior to delivery at no extra expense to defendant. Defendant made a $25,000 deposit with the balance due on delivery. Plaintiff sent the sales documents to defendant's bank to complete the sale and pay the balance due, but when it had not received the money by August 2, 1978, filed the instant action and obtained an order giving defendant the option of returning the sales documents or paying the balance of the purchase price. Defendant paid plaintiff the amount due and answered the complaint denying that plaintiff had delivered the airplane on July 28, 1978, with the loaner engine and inspection completed as required by the agreement, counterclaiming for damages for the breach by plaintiff. Plaintiff's motion for summary judgment as to liability on its claim and on defendant's counterclaim

was granted and defendant appealed.

In *Hill Aircraft &c. Corp. v. Planes, Inc.,* 158 Ga. App. 151, 152-153 (2) (279 SE2d 250), we reversed the grant of summary judgment to Planes, Inc. on two grounds, stating as follows: "In granting the motion for summary judgment, the trial court held that the written sales agreement did not constitute a valid contract because it lacked mutuality and relied upon parol evidence of the oral agreement, which differed in material respects from the written agreement . . . Examination of the sales agreement . . . clearly indicates that appellant [Hill Aircraft] agreed to purchase the aircraft, although it was not so stated in those words. Additionally, appellant partially performed on the agreement by paying appellee the specified $25,000 deposit . . . '[E]ven if the contract might not have been enforceable, on the ground that it was without consideration and mutuality, partial performance of the contract . . . supplied the lack of mutuality and rendered the contract enforceable. [Cits.]' [Cit.]" Ibid. at 152-153. Under these circumstances, this court found that the trial court erred in holding that the written sales agreement did not constitute a valid contract.

In regard to the trial court's ruling that plaintiff was entitled to summary judgment because it had performed all of its obligations under the contract, in Division 3, page 153, this court reasoned: "Appellant contends that appellee defaulted because it did not tender the aircraft for delivery on July 28 in the condition agreed to; that is, with a loaner engine and a completed 100-hour inspection. Appellee, claiming the written agreement was ambiguous concerning the loaner engine and relying on parol evidence in its favor, claims it had no obligation concerning the loaner engine and that the 100-hour inspection had been completed . . . The contract language is not ambiguous. It clearly states that the 'aircraft will be delivered by Planes, Inc. (with a loaner engine from Air Research, cost to be paid by the new owner).' The evidence is undisputed that on the date set for delivery the loaner engine had not been installed. It follows that appellee did not tender the aircraft for delivery in the condition agreed upon and was thereby in default of the agreement . . . Appellee's argument that parol evidence of the oral negotiations and agreement can be used to determine what the parties really intended concerning delivery with a loaner engine is without merit as the written agreement cannot be altered by parol evidence . . . '[P]arol evidence as to the terms of the agreement made prior to execution of the document is not effective to vary the terms of the written contract. [Cits.]' [Cit.]" Id. at 153.

After further ruling that the supporting affidavit tendered by Planes, Inc. was insufficient to prove that it had completed the

requisite 100-hour inspection, this court held that "[b]ecause the evidence does not show that appellee had fully performed under the contract, we find that the trial court erred in granting summary judgment to appellee." Id. at 154.

Upon remand to the trial court, Hill Aircraft (defendant) moved for partial summary judgment, which Planes, Inc. (plaintiff) contested on the ground that there remained genuine issues of material fact as to which party had the duty to provide the loaner engine, how the engine was to be acquired and why Planes, Inc. made a non-conforming tender of delivery. Planes, Inc. also filed an amendment seeking to recover for conversion of and trespass upon the title documents turned over to Hill Aircraft's bank. The trial court found that questions of fact existed and the case proceeded to trial by jury on January 25, 1982. Hill Aircraft's motions for directed verdict were denied and a verdict was returned in favor of Planes, Inc. Hill Aircraft appeals in Case No. 66656 from the denial of its motion for partial summary judgment, the verdict and judgment, and the denial of its motion for judgment notwithstanding the verdict or in the alternative for a new trial.

Planes, Inc. filed a later appeal in Case No. 66882 contending the trial court erred in permitting Hill Aircraft to amend its notice of appeal so as to permit the transcript of the evidence to be sent up on appeal in Case No. 66656. *Held:*

1. We review Case No. 66882 first. The notice of appeal originally filed by Hill Aircraft on January 6, 1983, following the denial of its post-trial motions, designated certain portions of the record to be omitted by the clerk but did not state whether or not the transcript of evidence was to be included in the record on appeal. On January 10, 1983, Hill Aircraft filed an amended notice of appeal directing the clerk to transmit the transcript of evidence to this court. On January 18, 1983, Planes, Inc. filed a motion to direct the clerk to omit the transcript because Hill Aircraft had failed to designate it as part of the record on a timely basis. Hill Aircraft then filed a motion with the trial court seeking leave to amend, to which Planes, Inc. responded. On March 18, 1983, the trial court entered an order granting Hill Aircraft leave to amend and denying Planes, Inc.'s motion. Planes, Inc.'s notice of appeal from this order was filed March 21, 1983, and is properly before this court for review. See, e.g., *White v. Olderman Realty &c. Co.,* 163 Ga. App. 57 (293 SE2d 726); *Fritz v. Eller,* 153 Ga. App. 300 (1) (265 SE2d 72); *Watts v. Oakes,* 152 Ga. App. 99, 100 (1) (262 SE2d 254); *Irby v. Christian,* 130 Ga. App. 375, 378-379 (1) (203 SE2d 284) (rev'd as to Division 3 in *Dept. of Public Safety v. Irby,* 232 Ga. 384 (207 SE2d 23)).

As the transcript had been prepared and filed with the record

months before Hill Aircraft's post-judgment motions were denied and the notice of appeal filed, no delay was occasioned in the docketing and transmission of the case to this court. It is well settled that, "[a]s has been stated in *Young v. Climatrol Southeast Dist. Corp.,* 237 Ga. 53, 55 (226 SE2d 737), 'the time provided for filing the transcript or record is not jurisdictional, but merely a means of avoiding unreasonable delay so that the case can be presented on the earliest possible calendar in the appellate courts.' " *Green v. Weaver,* 161 Ga. App. 295, 296 (291 SE2d 247). See also OCGA § 5-6-48 (formerly Code Ann. § 6-809 (Ga. L. 1965, pp. 18, 29; 1965, pp. 240, 241; 1966, pp. 493, 500; 1968, pp. 1072, 1073, 1074; 1972, p. 624; 1978, p. 1986)). " 'The failure to timely file a transcript is not a basis for dismissal of the appeal unless the trial court finds that the delay was unreasonable, and that the unreasonable delay was inexcusable. [Cits.] The trial court's decision on this issue will be reversed only for an abuse of discretion. [Cits.]' " *Patterson v. Professional Resources, Inc.,* 242 Ga. 459 (1), 460 (249 SE2d 248); *DuBois v. DuBois,* 240 Ga. 314 (1) (240 SE2d 706).

In *American Oil Co. v. McCluskey,* 116 Ga. App. 706 (1) (158 SE2d 431) (rev'd on other grounds in *McCluskey v. American Oil Co.,* 224 Ga. 253 (161 SE2d 271)), a motion to dismiss the appeal was made on essentially the same grounds presented here. This court, held at pages 708-709 that in such circumstances, "[e]ven where there is a delay in the filing of the transcript, if it does not delay the docketing and hearing of the case in the appellate court it is not cause for dismissal. [Cit.]" The Supreme Court has also approved untimely filed transcripts in cases where "there has been no unauthorized delay in the completion of the record." *Ellison v. Labor Pool of America, Inc.,* 228 Ga. 147, 149 (1) (184 SE2d 572). See also *Evans v. Perkins,* 225 Ga. 48, 49 (1) (165 SE2d 652).

Planes, Inc. does not seek the dismissal of this appeal but argues that the transcript cannot be considered on appeal since it is improperly before this court, because "[t]here is no authority to amend a notice of appeal. [Cit.]" *Evans v. Perkins,* 225 Ga. 48, 49 (1), supra; *Underwood v. State,* 164 Ga. App. 109 (296 SE2d 365). It is also urged that if the amended notice of appeal is regarded as an original appeal, it was filed more than 30 days from the date of the judgment appealed from and, standing alone, failed to meet the requirements of OCGA § 5-6-37 (formerly Code Ann. § 6-802 (Ga. L. 1965, pp. 18, 20; 1966, pp. 493, 495; 1973, pp. 303, 304)). Based upon the rationale of the above noted authority in regard to dismissals, however, we do not think such punitive strictures are mandated, nor do we find any abuse of the trial court's discretion in allowing the filing of the transcript. Accordingly, the transcript of evidence will be considered in de-

termining the merits of the issues raised in the main appeal, and we affirm the judgment contested in Case No. 66882.

Under the particular facts and circumstances of the case sub judice *we do not consider our holding to ignore the general rule that a notice of appeal may not be amended.*

As stated in *Zachary v. State,* 245 Ga. 2, 4 (262 SE2d 779), when the record or transcript does not fully disclose the case for consideration, it is the duty of the appellant to have the record completed in the trial court for consideration of same by the appellate court. Here Hill Aircraft sought by the so-called amendment of the notice of appeal to have the transcript sent up to this court for consideration which it failed to mention in the original notice of appeal. This court, had it requested the transcript, could have had it forwarded for consideration. "The trial court or the appellate court *may at any time* order the clerk of the trial court to send up any original papers." (Emphasis supplied.) OCGA § 5-6-41 (f) (formerly Code Ann. § 6-805 (f) (Ga. L. 1965, pp. 18, 24)). Here the trial court ordered the supplemental record. We find no error in the trial court's ordering that the supplemental record be transmitted to this court.

2. The prior appearance of this case in this court established that the contract under litigation was clear and unambiguous and thus the parol evidence rule prohibited the introduction of evidence to vary the terms of the written agreement. It was determined from undisputed evidence that Planes, Inc. failed to comply with the express terms of the contract because the aircraft was tendered without the required loaner engine. That evidence remained undisputed upon the jury trial in 1982, and additional uncontradicted testimony also showed that the 100-hour inspection was not completed on the date of delivery, as expressly required by the contract, but remained incomplete until over a week after Planes, Inc. initiated the lawsuit.

"It was incumbent upon the plaintiff [Planes, Inc.] to establish that it had complied with the conditions of the contract. [Cit.] 'The plaintiffs had the burden of proving that they performed the contract according to its terms, or for some legal reason such performance on their part was as a matter of law excused.' [Cits.] In the absence of such proof the plaintiff could not recover under the express terms of the contract. 'A person who seeks recovery under an alleged executed contract must show performance on his part or that his nonperformance was caused by the act or fault of the opposite party.' [Cit.] The plaintiff failed to show a legal reason to excuse its nonperformance or that such was caused by the act or fault of the defendant." *Clark's Super Gas, Inc. v. Tri-State Systems, Inc.,* 129 Ga. App. 650, 651-652 (200 SE2d 472). See also OCGA § 13-5-8

(formerly Code § 20-902).

Under the Uniform Commercial Code, the tender of *conforming goods* is a condition to the buyer's duty to accept the goods, and since Planes, Inc. failed to deliver conforming goods there was no duty on the part of Hill Aircraft to pay the purchase price. OCGA §§ 11-2-503 (1); 11-2-507 (1); 11-2-508 (formerly Code Ann. §§ 109A-2—503; 109A-2—507; 109A-2—508 (Ga. L. 1962, pp. 156, 204, 207, 208)). However, when given the option at the commencement of the lawsuit of paying the full agreed-upon purchase price or returning the non-conforming aircraft, Hill Aircraft opted to pay. Even assuming that Planes, Inc.'s default did not relieve Hill Aircraft of its duty to pay, Planes, Inc. presented no admissible evidence of any damage it suffered by reason of the brief delay in the payment of the full purchase price. It is clear from the trial transcript that the court allowed Planes, Inc. to present testimony to the jury in an attempt to vary the terms of the written agreement, which this court had previously held to be inadmissible under the parol evidence rule. Therefore, as the undisputed legal evidence demanded a finding in favor of Hill Aircraft on Planes, Inc.'s contractual claims, the trial court erred in failing to grant partial summary judgment or to direct a verdict on this issue. Accord, *Crowe, Carter & Assoc. v. Hyde,* 163 Ga. App. 816 (295 SE2d 353).

3. In the amendment to the complaint filed at the time the suit was tried in 1982, Planes, Inc. alleged that after rejecting the tender of the aircraft Hill Aircraft wrongfully retained possession of the aircraft as well as the title documents to it. Because Planes, Inc. delivered nonconforming goods, however, any control over the goods or the title documents exercised by Hill Aircraft was authorized by law. Under the Uniform Commercial Code, "[o]n rightful rejection or justifiable revocation of acceptance a buyer has a security interest in goods in his possession or control for any payments made on their price and any expenses reasonably incurred in their inspection, receipt, transportation, care, and custody and may hold such goods and resell them in like manner as an aggrieved seller." OCGA § 11-2-711 (3) (formerly Code Ann. § 109A-2—711 (Ga. L. 1962, pp. 156, 228)). Moreover, when Planes, Inc. accepted payment of the full purchase price by Hill Aircraft, it ratified Hill Aircraft's possession of the goods and title documents. See *Moate v. Griswold,* 27 Ga. App. 31, 33 (107 SE 387). The trial court erred in failing to direct a verdict in favor of Hill Aircraft on the tort claim of Planes, Inc.'s amended complaint.

4. The trial court likewise should have granted Hill Aircraft's motion for directed verdict on its counterclaim. When Hill Aircraft made full payment of the purchase price pursuant to the August 2,

1978, court order, it was entitled to recover from Planes, Inc. "as damages for any nonconformity of tender the loss resulting in the ordinary course of events from the seller's breach as determined in any manner which is reasonable." OCGA § 11-2-714 (1) (formerly Code Ann. § 109A-2—714 (Ga. L. 1962, pp. 156, 230)). Hill Aircraft showed that it had to make a $40,000 security deposit for a temporary replacement engine and to pay interest thereon for approximately three months at the rate of 11% per annum. Hill Aircraft's customer, for whom Hill Aircraft acquired the aircraft, incurred expenses in the amount of $5,029 to make corrections that should have been made in the 100-hour inspection at no expense to Hill Aircraft or its customer, and this amount was deducted from the purchase price owed to Hill Aircraft. This evidence was ample to establish the damages sought by Hill Aircraft. Compare *B & D Carpet Finishing Co. v. Gunny Corp.,* 158 Ga. App. 621 (281 SE2d 354). It follows that judgment must be entered in favor of Hill Aircraft for damages sought and demanded by the evidence.

*Judgment affirmed in Case No. 66882. Judgment reversed with direction in Case No. 66656. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 22, 1983 —
REHEARING DENIED DECEMBER 1, 1983 — 

*Burt DeRieux, Gregory J. Digel, James F. Stovall III,* for appellant.

*Edgar A. Neely III, Ronald D. Reemsnyder, Gwendolyn R. Tyre,* for appellee.