CITIZENS AND SOUTHERN BANK OF THOMASTON *v.* BARRON *et al.; et vice versa.*

Nos. 10758, 10771. OCTOBER 19, 1935.

*James R. Davis,* for plaintiff in error.
*John H. McGehee Jr.* and *W. M. Dallas,* contra.

HUTCHESON, Justice. Henry A. Barron and Mrs. Florrie M. Barron filed a petition against the Citizens & Southern Bank of Thomaston and the Mutual Life Insurance Company of New York, alleging in substance as follows: The insurance company, on December 28, 1925, issued to Henry A. Barron a policy of insurance on his life, No. 3568640, for $5000, in which his wife was designated as beneficiary. The policy provided that in case of total and permanent disability the company would pay the insured $50 per month for the first five years, and $75 per month thereafter during such disability. He became totally and permanently disabled, and the company paid to him $50 monthly for the

first nine months of 1927. On September 14, 1927, Henry A. Barron executed to the Thomaston Banking Company his promissory note for $3120, and executed an assignment of the life-insurance policy as collateral security for the note. Thereafter the Thomaston Banking Company, through merger, became the Citizens & Southern Bank of Thomaston, with all the rights, liabilities, and obligations of the Thomaston Banking Company. The insurance company has paid to the bank fifty-one payments of $50 each, beginning with October, 1927, and ending with December, 1931, and twenty-six payments of $75 each, beginning with January, 1932, and ending with February, 1934; and said payments have overpaid the note $661.79. Barron has demanded of the bank surrender of his said note, cancellation of the assignment of the policy, and accounting for the amount paid in excess of said note; and the bank has failed and refused to comply with his demand. Plaintiffs pray that the bank be enjoined from attempting to collect any sums under the policy of insurance, that the insurance company be enjoined from paying to the bank any further sum under the policy, that the note be canceled, that the assignment of insurance be ordered satisfied and canceled, and that plaintiffs recover of the bank $661.79, besides interest, and that they recover of the insurance company $75 per month as disability benefits from and including March, 1934; and for general relief.

The Citizens & Southern Bank of Thomaston answered, denying the material parts of the petition, and alleging that the plaintiffs are in error as to the amounts collected by it; that about September 14, 1927, Henry A. Barron was engaged in operating a peach business, and made arrangements to borrow from defendant whatever was necessary to bring his crops to maturity, and did borrow numerous amounts, as set out in the answer; that the policy of insurance was assigned to defendant "for the purpose of securing the payment of any and all money borrowed from said company;" and that defendant is ready and willing to cancel said assignment and turn over the policy upon the payment to it of the balance due by Henry A. Barron." It prays for judgment in the amount shown to be due it by Henry A. Barron. By amendment, it was alleged that the negotiations for the loan of money to be used in the peach business were carried on with James R. Atwater, vice-president of the Thomaston Banking Company, and

that they rented to plaintiff the land upon which such peach business was to be operated. Defendant lists certain notes which it is alleged are still due and unpaid. By amendment the plaintiff set out certain payments made to the bank, and prayed for judgment in the sum alleged to have been overpaid. After introduction of evidence, the jury found in favor of the plaintiffs that the note be canceled, that the assignments be satisfied, released, and surrendered, and be canceled on the records of the insurance company, that plaintiff recover of the bank $14.57, besides interest, and recover of the insurance company monthly disability benefits of $75 per month from a stated time. A motion for new trial was overruled, and the bank excepted.

■ The defendant argues in its brief that the plaintiff is estopped to deny that the insurance policy was assigned to cover all indebtedness due it, because there appears in plaintiff's schedule of bankruptcy the following: "The Thomaston Banking Company has, as additional security for the debt of $11,025.38 listed above, an insurance policy in which the estate of Henry A. Barron is named beneficiary, but subsequently assigned to Thomaston Banking Company in the amount of $5000.00. This policy is with the Mutual Life Insurance Company of New York, and has a cash value which is unknown to petitioner. The number of the above mentioned policy is 3568640." The defendant tendered an amendment to its answer, setting up the bankruptcy proceedings as an estoppel. The court refused to allow the amendment as an estoppel, but allowed it as an admission of the petition and discharge in bankruptcy; and the defendant filed no exception pendente lite. In order for an estoppel to be proved, it must be properly pleaded. A defendant who relies upon equitable estoppel must set up the same by answer in the suit of his adversary. *McCall* v. *Fry,* 120 *Ga.* 661 (48 S. E. 200). When the amendment setting up estoppel was disallowed by the court, and no exception was taken, this ruling became the law of the case, and could not thereafter be considered.

■ The plaintiff tendered in evidence a policy of insurance covering his peach crop. Its admission was objected to on the ground that it was irrelevant and immaterial. In view of the fact that the bank introduced in evidence several notes executed by the plaintiff, Henry A. Barron, each bearing the provision that the

following collateral has been deposited for said note, "peach crop assignment with insurance," the contract of insurance itself was admissible as illustrative and corroborative of the indorsements on the notes.

In this case it was purely a question of fact for the jury to determine whether Henry A. Barron made the assignment of the insurance policy to secure the payment of one note, or whether the assignment was made to secure all indebtedness held against him by the bank. There was some conflict in the evidence; but the jury having determined the cause in favor of the plaintiff, and there being evidence upon which they could base their finding, this court will not interfere to set such verdict aside.

*Judgment affirmed on main bill of exceptions; cross-bill dismissed. All the Justices concur, except Russell, C. J., absent because of illness, and Gilbert, J., disqualified.*