### 55492. HOPE ELECTRIC, INC. v. GEMINI CONSTRUCTION COMPANY.

BANKE, Judge.

This is an action for damages for breach of contract brought by the appellee, Gemini Construction Company, against the appellant, Hope Electric, Inc. The contract called for Gemini to perform certain construction and excavation work in connection with the installation of a new aircraft landing system at Lovell Field in Chattanooga, Tennessee. Hope essentially performed the function of prime contractor. After a portion of the work had been completed, Hope became dissatisfied with Gemini's performance, discharged it from the job, and refused to complete payment of the contract price. Gemini then filed this suit, alleging that it had substantially performed the work required of it under the contract and,

consequently, that Hope was liable for damages for terminating the contract. Hope counterclaimed, alleging that Gemini was the party in breach. The jury returned a verdict in favor of Gemini in the amount of $22,000, and Hope filed this appeal from the denial of its motion for new trial.

1. It was not error to deny Hope's motion for directed verdict or for new trial on the general grounds. Although Hope presented evidence to show that Gemini's workers repeatedly created delays in the project by failing to appear on the job, cutting underground cables, and dislocating surveyor's stakes, Gemini presented evidence indicating that it had substantially performed its obligations under the contract and that the delays were caused by Hope's failure to coordinate the efforts of the various subcontractors working on the project. In the face of this conflicting evidence, it was for the jury to determine whether Hope's action in discharging Gemini from the job was a justifiable response to Gemini's failure to perform, or whether said action constituted a breach of contract by Hope. See generally *C. & S. Bank of Thomaston v. Barron,* 181 Ga. 351 (3) (181 SE 859) (1935); *Mendenhall v. Nalley,* 81 Ga. App. 517 (59 SE2d 283) (1950).

Hope also contends that the jury's award of damages was excessive as a matter of law because its evidence established that Gemini would have suffered a net loss had it completed its work. However, Gemini's president offered figures which, if believed, showed that his firm would have realized a net profit on the contract. The jury's award of damages was supported by his testimony.

2. It was not error to allow into evidence, over objection, a document entitled "Cost Analysis" which purported to be a summary of costs which Gemini had incurred in attempting to complete its work under the contract. Although the employee who had actually prepared the summary was not available for cross examination, Gemini's president personally vouched for the accuracy of the document, testifying that he had monitored its preparation and had checked the figures against the invoices on which they were based. Under these circumstances, the information contained in the

document did not constitute hearsay and was competent evidence. Accord, *Ghingold v. Ghingold,* 228 Ga. 515 (186 SE2d 747) (1972).

3. The following jury charge is enumerated as error on the ground that it implied a duty on the part of Hope to provide direct supervision for Gemini's employees:

"The Court further charges you that if you find from the evidence that the failure of the plaintiff, Gemini Construction Company, Inc., to perform the work under the subject contract was caused by the failure of the defendant, Hope Electric Inc., in providing general superintendence and coordination of the project, then it is your duty to return a verdict for the plaintiff."

We do not agree that the use of the term "general superintendence" implied a duty of direct supervision. The charge was rather a statement of Gemini's contention that the delays on the project were caused by Hope's failure to coordinate the work of the various subcontractors. Nor do we agree that the charge was argumentative because it stated only Gemini's contention with respect to this issue, since Hope's contentions were adequately presented in other portions of the charge. See *Tietjen v. Dobson,* 170 Ga. 123 (6), 133 (152 SE 222) (1929); *Sheppard v. Broome,* 214 Ga. 659 (11) (107 SE2d 219) (1959); *Thomas v. Barnett,* 107 Ga. App. 717 (5), 729 (131 SE2d 818) (1963); *Scholle Atlanta Corp. v. Nealy,* 110 Ga. App. 775 (1) (140 SE2d 88) (1964).

4. It was not error to charge that damages should be awarded upon a finding that the contract had been "materially" breached, rather than upon a finding that it had been "wrongfully" breached. We have been made aware of no distinction between a material breach and a wrongful breach.

Contrary to Hope's contention, the trial court did in fact charge that the amount of damages awarded must be reduced by the amount of any net loss which would have occurred had the entire contract been completed.

5. Hope's remaining enumerations of error go to the trial court's failure to grant various of its requests to charge. Each of these charges was based on essentially the same principle, i.e., that the plaintiff must show compliance with its obligations under the contract before

it is entitled to recover for the defendant's breach. This principle was adequately covered in the court's charge as given; and, therefore, no error was committed in refusing to charge in the language requested. See *Griffin v. Barrett,* 185 Ga. 443 (4) (195 SE 746) (1938); *Bassett v. Hunter,* 205 Ga. 417 (4) (53 SE2d 909) (1949).

6. Evidence that Gemini's president was convicted subsequent to this trial for failure to pay withholding taxes owed to the United States did not demand a new trial, since this evidence was merely of an impeaching character. *Barrow v. State,* 80 Ga. 191 (1) (5 SE 64) (1887).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED MARCH 1, 1978 — DECIDED JUNE 22, 1978 — REHEARING DENIED JULY 13, 1978 —

*Spearman, Thrasher & Whitley, Daniel I. MacIntyre, James G. Jackson,* for appellant.
*Tony L. Axam,* for appellee.