## 56134. NEWMAN v. ROBERTS et al.

BANKE, Judge.

This is a declaratory judgment suit filed by the co-administrators of the estate of W. L. Newman, seeking to determine the validity of the defendant's written claim against the estate for the amount of a promissory note, plus accumulated interest. In his answer, the defendant admitted there existed a justiciable controversy as to the validity of his claim but alleged the execution of a $5,000 promissory note in his favor by his father, the late W. L. Newman, on March 27, 1947. The defendant further alleged that this demand instrument contained a provision for 8 percent interest, and that the original promissory note had become lost or destroyed. Counsel for both parties subsequently stipulated that a copy "in substance" of the lost or destroyed note be established in lieu of the original, admitting its execution and existence. The evidence adduced at a trial before a jury was conflicting as to the consideration for, delivery and payment of the note, and also as to the possibility of a

fraudulent or sham arrangement. The defendant's motion for a directed verdict was denied, and the jury returned a verdict for the plaintiffs. From the denial of his motion for a new trial, the defendant appeals. *Held:*

1. The special grounds enumerated in the defendant's amended motion for a new trial concern the admission of evidence over defense counsel's objections sufficiently attacking its relevancy and materiality. The evidence complained of involved testimony about certain benefits which the defendant allegedly received from the estate after his father's death, about a prior loan to the father from a federal agency, and about the defendant's failure to make any previous demand for the repayment of the note. It has long been the rule in this state that where the relevancy or competency of evidence is doubtful, it should be admitted, and its weight left to the determination of the jury. *Massee v. State Farm &c. Ins. Co.,* 128 Ga. App. 439 (197 SE2d 459) (1974). The evidence in question may have been of assistance to the jury in understanding the sequence of events surrounding the execution of the note and in understanding the relationships which existed between the defendant, his father, and the rest of his family at the time the note was executed. Thus, we cannot say that the trial court abused his discretion in admitting the evidence in question.

2. From the evidence, the jury was authorized to find that the defendant had not made a specific loan to his father at the time of execution of the note and that any money which the defendant sent to his father while in the military constituted gifts. Therefore, the jury was authorized to find for the plaintiffs on the basis of the defense of lack of consideration. Furthermore, there was a fact issue as to whether the father ever delivered the note to the defendant. Thus, the evidence authorized the verdict.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED JUNE 28, 1978 — DECIDED SEPTEMBER 11, 1978.

Wilcox Superior Court. Before Judge Gregory.
*Rogers & McCord, John R. Rogers,* for appellant.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellees.