### 64628. TYNER et al. v. SHERIFF et al.

CARLEY, Judge.

The genesis of the instance case lies in the business relationship between the parties, each of whom is a contractor. Plaintiff-appellants initiated the litigation by filing suit against defendant-appellees. Appellees answered, denying the material allegations of the complaint, and counterclaimed. The case was submitted to a jury and a verdict for appellees was returned in the main action and also on the counterclaim. Judgment was entered on the verdict and, after their motion for new trial was denied, appellants bring the instant appeal.

1. Error is enumerated on the admission of certain testimony over appellants' "parol evidence rule" objection. Review of the transcript demonstrates no reversible error in the admission of the testimony. See generally *Building Assoc. v. Crider,* 141 Ga. App. 825, 827 (3) (234 SE2d 666) (1977).

2. Appellants enumerate as error the admission of summaries of appellees' business records. "Summarized statements of what books of account and records show are admissible, provided the books and records themselves are accessible to the court and the parties. [Cit.]" *Vaughn & Co. v. Saul,* 143 Ga. App. 74, 79 (237 SE2d 622) (1977). See also *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360, 362 (2) (223 SE2d 757) (1976); *Hope Electric v. Gemini Constr. Co.,* 146 Ga. App. 636, 637 (2) (247 SE2d 149) (1978); *A. S. Wikstrom, Inc. v. Norair Engineering Corp.,* 156 Ga. App. 49, 50 (2) (274 SE2d 28) (1980).

Under the above cited authorities, it appears that the summaries of appellees' business records were not erroneously admitted in the instant case. The fact that the summaries themselves

did not qualify as "business records" under Code Ann. § 38-711 is immaterial to their admissibility. "The relevant holdings in the *Cotton* and *Vaughn & Co.* decisions have application when the 'summary,' *not otherwise admissible under Code Ann. § 38-711 as a business record,* is introduced to summarize admissible but voluminous or complex records. [Cit.]" (Emphasis supplied.) *Wickes Lumber v. Energy Efficient Homes,* 157 Ga. App. 303 (1) (277 SE2d 298) (1981).

Moreover, such summaries are not themselves "true and complete" extracts of the "books or records of any incorporated company" within the meaning of Code Ann. § 38-626 and the twenty-day notice provision of that statute is irrelevant in a determination of the admissibility of the summaries. Summaries are merely compilations of extracted portions of books and records. Their admissibility is based, in part, upon the underlying accessibility of the summarized books and records to the court and the parties, which accessibility was shown in the instant case. See *A. S. Wikstrom, Inc.,* 156 Ga. App. at 50 (2), supra.

Contrary to appellants' assertion, "the information contained in the document did not constitute hearsay and was competent evidence. [Cit.]" *Hope Electric,* 146 Ga. App. at 637-638, supra. We find no error in the admission of the summaries.

3. Appellants enumerate as error the admission of certain testimony over an objection to its relevancy. Our review of the transcript demonstrates that, while it probably would not have been error to exclude the testimony, it was not reversible error to allow it into evidence. "It has long been the rule in this state that where the relevancy or competency of evidence is doubtful, it should be admitted, and its weight left to the determination of the jury. [Cit.]" *Newman v. Roberts,* 147 Ga. App. 157, 158 (248 SE2d 217) (1981).

Appellants also assert on appeal that the testimony was inadmissible hearsay. No such hearsay objection to the testimony was raised at the time it was introduced. "By not stating a ground for objection at that time, it was therefore waived." *Reaves v. State,* 242 Ga. 542, 551 (250 SE2d 376) (1978).

4. On appeal, appellants assert that the trial court erred "in allowing a witness to testify as an expert when he had not been qualified as an expert." Review of the relevant portions of the transcript demonstrates that no objection to the witness' qualification as an expert was raised in the court below. Accordingly this enumeration is without merit. *Maynard v. Readdick,* 128 Ga. App. 368, 369 (2) (196 SE2d 688) (1973).

5. Appellants assert that the trial court erroneously limited pre-trial discovery. It appears that, pursuant to Code Ann. § 81A-116,

the trial court entered a pre-trial order. That order stated that "[d]iscovery will be completed on or before 8-29-80 . . . All [documents, photographs and other evidence] will be presented to opposing counsel for inspection and/or copying not later than Sept. 2, 1980. Any such items acquired or discovered after that date will be admitted only upon the Court's further order upon proper showing." The failure to allow further pre-trial discovery subsequent to the entry of the pre-trial order was not, in the instant case, erroneous. In the first instance, it does not appear that appellants ever pursued the proper avenue for obtaining discovery subsequent to the entry of the pre-trial order. "Here a pretrial order had issued limiting the issues and controlling the subsequent course of the action . . . [T]here was no timely motion filed to amend the pretrial order. [Cits.]" *Marshall v. Fulton Nat. Bank,* 152 Ga. App. 121, 123 (262 SE2d 448) (1979) rev'd on other grounds, 245 Ga. 745 (267 SE2d 225) (1980). " '[W]e think that it should be held to be the general rule in this State that if a litigant desires a modification of a pretrial order, application should be made to the trial judge either before or during the trial for such modification. While the trial judge might, under the particular facts of some case, modify the pretrial order without request to prevent manifest injustice, it is difficult to imagine any case where it could be held that the trial judge abused his discretion in failing to modify a pretrial order where there had been no motion for such modification before or during the trial.' [Cits.]" *Gilbert v. Meason,* 145 Ga. App. 662, 663 (244 SE2d 601) (1978).

Moreover, even assuming appellants had properly sought a modification of the pre-trial order with regard to discovery, no error would be shown in the instant case. "This court has repeatedly held that it will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion. [Cits.] We find no such abuse here." *Retail Credit Co. v. United Family Life Ins. Co.,* 130 Ga. App. 524, 526-527 (203 SE2d 760) (1974).

6. Remaining enumerations of error relate to the trial court's failure to give certain jury instructions. The instructions were not requested and there was no objection raised in the court below to the failure of the trial court to so charge. The trial court's failure to give the instructions did not result in substantial error in the charge as a matter of law. See generally *Central of Ga. R. Co. v. Luther,* 128 Ga. App. 178, 179 (1) (196 SE2d 149) (1973). Compare *Fowler v. Gorrell,* 148 Ga. App. 573, 578 (251 SE2d 819) (1978). These enumerations are without merit. Code Ann. § 70-207.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED NOVEMBER 10, 1982.

*Thomas M. Strickland,* for appellants.
*Cecil L. Clifton, Jr.,* for appellees.