### 66949. LINDSEY v. HEARD OIL COMPANY.

POPE, Judge.

Appellee sued appellant Lindsey individually and Masters Lumber Company, Ltd. ("Masters") alleging a debt on an open account for petroleum furnished to Masters by appellee. Masters was served, but defaulted. Before trial but after the entry of the pre-trial order, appellee's motion to amend the complaint was granted. The amended complaint alleged that appellant was exclusively obligated to appellee on a verbal promise to pay for goods received by Masters and that Masters was liable on an implied promise to pay for goods and services received. The jury returned a verdict for appellee against appellant Lindsey in the amount of the debt plus interest as well as an amount for attorney fees.

1. Appellant assigns error to the failure of the trial court to grant his motions for directed verdict and for judgment notwithstanding the verdict based upon his assertion of the Statute of Frauds as a bar

to appellee's suit against him as an individual. Appellant contends that OCGA § 13-5-30 (2) requires any promise by him to answer for the debt of Masters to be in writing and signed by him. To the contrary, appellee claims that appellant's promise, under the facts of this case, was an original undertaking based upon an oral contract between appellant and appellee forming an implied promise to pay for the fuel received pursuant to OCGA § 9-2-7.

"On appeal it is the duty of this court to construe the evidence more strongly in support of the verdict and judgment. [Cit.] Further, if there is any evidence to support the jury's verdict and the court's judgment, that judgment will not be disturbed on appeal." *White v. Olderman Realty &c. Co.*, 166 Ga. App. 179, 180 (303 SE2d 517) (1983). Although in conflict, it is under this standard that the evidence will be viewed.

The following evidence was adduced at trial: Carolina Logging Company, a logging and sawmill business located in Elberton, Georgia was owned and operated by the Jennings brothers. Carolina Logging employed a CPA firm, of which appellant is a partner, as its accountants. In late 1978 negotiations were begun by the CPA firm to purchase Carolina Logging. The name of the logging concern was changed to Masters Lumber Company and Masters Lumber Company, Ltd. was duly incorporated in February 1979, although the completion of the purchase of all Masters' stock was not accomplished by the CPA firm until September 1979. Appellant, the largest single stockholder, also served as president and treasurer of Masters.

Appellee presented evidence to show that appellant contacted appellee's general manager, Slocumbe, in July 1979 after the Jennings brothers' credit with appellee had been ended for non-payment. According to Slocumbe, appellee then allowed an account to be opened for fuel sold to Masters based upon appellant's promise to pay. Several weeks later, appellant again telephoned Slocumbe with instructions on billing and procedures regarding the signing of tickets for each sale of fuel. Appellant requested that billing be made in Masters' name and sent to his office. Slocumbe testified that he extended credit solely on the basis of appellant's promise. Additionally, he checked on a credit reference of appellant, Granite City Bank, located in Elberton. When he was told by Tyler, an employee of the bank, that appellant had "the assets to pay," credit was extended. The bills were paid with the exception of the final three months of 1980, the undisputed amount of which forms the basis of appellee's suit. Slocumbe testified that he had made numerous contacts with appellant to request payment and had been assured that such would be forthcoming.

We find no error in the trial court's denial of appellant's motions for directed verdict and for judgment notwithstanding the verdict

based upon his asserted defense of the Statute of Frauds. Appellant's "reliance upon the Statute of Frauds is not well founded. The Statute does provide that a promise to answer for the debt of another must be in writing to be enforceable. [Cit.] However, the promise required by this section to be in writing does not include an original undertaking. [Cits.] Thus, where the promisor 'guarantees' another's debt with additional qualifying words such as he would see that the creditor gets paid, and that he is responsible for the bill, and credit is extended in reliance upon such words, the jury would be authorized to find that this was an original undertaking. [Cit.]" *Pope v. Triangle Chemical Co.*, 157 Ga. App. 386, 389 (277 SE2d 758) (1981).

2. Appellant enumerates as error the trial court's admission of certain evidence claimed by appellant to be irrelevant. Initially, appellant objects to testimony offered by Tyler, an officer of the Granite City Bank, along with the admission into evidence of two letters, both from appellant to Tyler. The evidence concerned Tyler's knowledge of Masters' financial condition as well as certain loans requested by or made to Masters and guaranteed by appellant. Additionally, objection is made to the admission of certain testimony elicited on cross-examination of appellant concerning his acquisition and disposition of Masters' equipment when the business went into decline. Third, appellant challenges the admission of cross-examination testimony regarding any part appellant may have played in causing the bankruptcies of the two Jennings brothers. We note that the testimony showed that appellant had no role in causing either one. Appellee contends that the testimony of Tyler and of appellant here at issue was offered to show appellant's bad faith and stubborn litigiousness in support of appellee's claim for attorney fees.

"Our review of the transcript demonstrates that, while it probably would not have been error to exclude the testimony, it was not reversible error to allow it into evidence. 'It has long been the rule in this state that where the relevancy or competency of evidence is doubtful, it should be admitted, and its weight left to the determination of the jury. (Cit.)' *Newman v. Roberts*, 147 Ga. App. 157, 158 (248 SE2d 217) (1981)." *Tyner v. Sheriff*, 164 Ga. App. 360, 361 (297 SE2d 114) (1982). See also *Jones v. Smith*, 160 Ga. App. 147 (2) (286 SE2d 478) (1981). Reversal is, thus, not appropriate based upon the enumerations of error challenging the relevance of the admitted evidence in this case.

3. Appellant assigns error to the trial court's failure to grant his motion for directed verdict on the issue of attorney fees. The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them. OCGA § 13-6-11. "From the evidence ad-

mitted in court, the jury was warranted in finding that [appellant] had been stubbornly litigious and had caused [appellee] unnecessary trouble and expense. [Cit.] The trial court did not err in failing to direct a verdict in favor of the appellant on the issue of entitlement to attorney fees and expenses." *Assaf v. Coker*, 157 Ga. App. 432, 434 (278 SE2d 82) (1981). See also *Fritts v. Mid-Coast Trading Corp.*, 166 Ga. App. 31 (3) (303 SE2d 148) (1983).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1984 —
REHEARING DENIED MARCH 30, 1984 —

*Foy S. Horne, Jr.*, for appellant.
*Michael Terrell, Robert M. Heard, John S. Jenkins*, for appellee.