73421. ESQUIRE MOBILE HOMES, INC. v. ARRENDALE et al.
(356 SE2d 250)

Pope, Judge.

Appellees brought this action seeking, inter alia, revocation of their acceptance of delivery of a mobile home which they had purchased from appellant dealership. The jury found the mobile home to be "nonconforming" under the Uniform Commercial Code and directed appellant to take back possession of it. The jury also awarded appellees $10,000 in actual damages and $7,130 in attorney fees. Appellant brings this appeal from the entry of judgment on the verdict.

Appellees purchased from appellant a mobile home manufactured by Spirit Homes, Inc. They had carefully inspected the mobile home on appellant's lot prior to purchase and found nothing wrong with it. However, almost immediately upon appellant's delivery and set up of the mobile home on their property, appellees began to experience problems. They contacted appellant which in turn contacted the manufacturer. Several attempts were made by the manufacturer to rectify the problems appellees were experiencing, but ultimately those attempts were unsuccessful. Appellees then notified appellant that they were revoking their acceptance of the mobile home and requested appellant to remove the mobile home and reimburse them for expenses incurred in relation to this matter.

1. Appellant's first enumeration of error alleges that there is no evidence to support the jury's verdict that the mobile home was "nonconforming." In support of this assertion, appellant cites the purchase agreement which provided that it was selling a new, brown 1984 Spirit mobile home, model 4009, serial number 1959, containing three bedrooms and being 60 feet in length and 24 feet in width. Appellant contends that since it delivered the precise mobile home described in the contract, there was no evidence of nonconformity, notwithstanding any alleged defects. We reject this analysis.

OCGA § 11-2-106 (2) provides: "Goods or conduct including any part of a performance are 'conforming' or conform to the contract when they are in accordance with the obligations under the contract." "Nonconformity cannot be viewed as a question of the quantity and quality of goods alone, but of the performance of the totality of the seller's contractual undertaking. [Cit.]" *Irrigation Motor &c. Co. v.*

*Belcher*, 29 Colo. App. 343, 347 (483 P2d 980, 9 UCC Rep. Serv. 60) (1971). "The concept of nonconformity 'includes not only breaches of warranties but also any failure of the seller to perform according to his obligations under the contract.' [Uniform Commercial Code § 2-714, Comment 2]." *Ford Motor Credit Co. v. Harper*, 671 F2d 1117, 1122 (8th Cir. 1982). Applying these principles to the facts in the case at bar, we find ample support for the jury's finding that the mobile home was "nonconforming." Accord *Jorgensen v. Pressnall*, 274 Or. 285 (545 P2d 1382) (1976). See generally *Marine Mart v. Pearce*, 252 Ark. 601, 608 (480 SW2d 133) (1972), and *O'Neal Ford v. Earley*, 13 Ark. App. 189, 192 (681 SW2d 414) (1985), setting forth the general rule that the question of whether goods are nonconforming is a question of fact to be determined within the framework of the facts of each particular case.

2. Appellant's second enumeration cites as error the denial of its motion for directed verdict on the ground that liability against it was precluded by an exclusion of warranties in the purchase agreement. The short answer to this assertion is that revocation of acceptance under OCGA § 11-2-608 "is an available remedy even where the seller has attempted to limit its warranties. [Cit.]" *Hub Motor Co. v. Zurawski*, 157 Ga. App. 850, 851 (278 SE2d 689) (1981); accord *O'Neal Ford v. Earley*, supra; *Blankenship v. Northtown Ford*, 95 Ill. App. 3d 303 (420 NE2d 167, 50 Ill. Dec. 850) (1981).

In any event, even assuming the efficacy of appellant's compliance with the statutory requirements for exclusion or modification of warranties (see OCGA § 11-2-316), we find no merit in this enumeration of error. We are guided in this matter by the holding in *Freeman v. Hubco Leasing*, 253 Ga. 698 (4) (324 SE2d 462) (1985). Similar to the plaintiff in *Freeman*, appellees in the case at bar sought to revoke acceptance of the mobile home pursuant to OCGA § 11-2-608. "The parties to a contract subject to the UCC may provide for remedies in substitution of those provided by the UCC, and may limit the measure of damages. . . . OCGA § 11-2-719 (1) (a). However, '(w)here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this title.' OCGA § 11-2-719 (2). The Official Comment to this section states: '(I)t is of the very essence of a sales contract that at least minimum adequate remedies be available. If the parties intend to conclude a contract for sale within this Article *they must accept the legal consequence that there be at least a fair quantum of remedy for breach* of the obligations or duties outlined in the contract. Thus any clause purporting to modify or limit the remedial provisions of this Article in an unconscionable manner is subject to deletion and in that event the remedies made available by this Article are applicable as if the stricken clause had never existed. Similarly, under subsection (2), *where an appar-*

*ently fair and reasonable clause because of circumstances fails in its purpose or operates to deprive either party of the substantial value of the bargain, it must give way to the general remedy provisions* of this Article.' (Emphasis supplied.) [Cit.]" Id. at 705.

Appellant's exclusion of warranties contained in the purchase agreement provided that appellees "understand that the implied warranties of merchantability and fitness for a particular purpose and all other warranties express or implied are excluded by [appellant] from this transaction and shall not apply to the goods sold [and that they further] understand that [appellant] make[s] no warranties whatsoever regarding the unit or any appliances or component contained therein, except as may be required under applicable state law." The purchase agreement also provided that appellant would deliver to appellees copies of any written warranties supplied by the manufacturer. As noted earlier, the manufacturer unsuccessfully attempted to rectify the problems with the mobile home. Since that time, however, the manufacturer has gone out of business and is no longer available for warranty work.

Thus, like the situation in *Freeman,* appellant seller took no responsibility for the merchantability and fitness of the mobile home despite appellees' obligation to pay over $66,000, including finance charges. In other words, the purchase agreement excluded all remedies of appellees except those which they may have had against the now-defunct manufacturer. "OCGA § 11-2-719 (1) (a) . . . allows the parties to provide substitute remedies and limit damages, not bar all remedies and avoid all damages. Under the circumstances of this case we find [appellant's exclusion of warranties] to be unconscionable." *Freeman,* supra at 706. Thus, the trial court did not err in denying appellant's motion for directed verdict.

3. Appellant's third enumeration cites as error the trial court's charge allowing recovery of attorney fees if appellant had acted in bad faith or had been stubbornly litigious or had caused appellees unnecessary trouble and expense. See OCGA § 13-6-11. "To warrant the court in charging the jury on a given topic . . . it is not necessary that the evidence should shine upon it with a clear light. It is enough if glimpses of it be afforded by the evidence. Truth is often dim, but is truth nevertheless. Frequently amongst the facts best proved is one which no witness has mentioned in his testimony, such fact being an inference from other facts." *Brown v. Matthews,* 79 Ga. 1 (2) (4 SE 13) (1887). There being some evidence of record by which the jury was authorized to find that appellant had been stubbornly litigious and had caused appellees unnecessary trouble and expense, the trial court did not err in its charge in this regard. See, e.g., *Chambers & Co. v. Harper,* 83 Ga. 382 (2) (9 SE 717) (1889); *Lindsey v. Heard Oil Co.,* 170 Ga. App. 572 (3) (317 SE2d 597) (1984). See generally *Ken-*

*Mar Constr. Co. v. Bowen*, 245 Ga. 676 (266 SE2d 796) (1980).

4. Appellant's remaining enumerations cite as error the trial court's refusal to give certain of its requests to charge dealing with breach of warranty, exclusion of warranties, and mitigation of damages. However, in light of the holdings in Divisions 1 and 2, supra, and in view of the entire charge as given by the trial court, we find no ground for reversal. See generally *Columbus, Ga. v. Smith*, 170 Ga. App. 276 (3) (316 SE2d 761) (1984).

*Judgment affirmed. Birdsong, C. J., McMurray, P. J., and Benham, J., concur. Beasley, J., concurs in Divisions 1, 3 and 4 and in the judgment. Deen, P. J., Banke, P. J., Carley and Sognier, JJ., dissent.*

CARLEY, Judge, dissenting.

I cannot agree with the majority's decision affirming the judgment of the trial court in this case. Under the circumstances before us, it is my opinion that appellant was entitled to judgment as a matter of law and, therefore, I must dissent.

In Division 1 of the opinion, the majority, relying primarily upon foreign authority, finds that there was evidence to support the jury's verdict that the mobile home was "nonconforming." As the majority recognizes, however, the plaintiffs in this case obtained and received exactly what the contract between the parties described. In fact, they received the exact mobile home which they had viewed and selected on the dealer's lot. The majority opinion blurs the distinction between "nonconforming" and "defective." The effect of the majority's ruling is to allow every purchaser who later believes the item purchased is defective to seek to rescind the contract on the basis of allegations that the object of the sale was "nonconforming." I do not believe this is the law. Compare *Hill Aircraft &c. Corp. v. Planes, Inc.*, 169 Ga. App. 161 (312 SE2d 119) (1983). See also *Bicknell v. B & S Enterprises*, 160 Ga. App. 307 (287 SE2d 310) (1981). Thus, it is my opinion in the case at bar that, regardless of any defects which may have existed in the product sold, the product itself was not "nonconforming" and this issue was erroneously submitted to the jury.

In Division 2 of the opinion, the majority finds unenforceable, as unconscionable, the exclusion of implied warranties contained in the agreement between the parties. Paragraph 9 of the contract states as follows: "EXCLUSION OF WARRANTIES. I UNDERSTAND THAT THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE AND ALL OTHER WARRANTIES EXPRESS OR IMPLIED ARE EXCLUDED BY YOU FROM THIS TRANSACTION AND SHALL NOT APPLY TO THE GOODS SOLD. I UNDERSTAND THAT YOU MAKE NO WARRANTIES WHATSOEVER REGARDING

THE UNIT OR ANY APPLIANCES OR COMPONENT CONTAINED THEREIN, EXCEPT AS MAY BE REQUIRED UNDER APPLICABLE STATE LAW." In addition to being in all capital letters, paragraph 9 of the contract was in boldface type. Therefore, the contract in this case clearly and unequivocally met the requirements for valid exclusion of implied warranties as set forth in OCGA § 11-2-316.

In determining the otherwise valid exclusion of implied warranties to be "unconscionable" in this case, the majority is persuaded by the fact that the manufacturer, whose warranties the plaintiffs received and took advantage of for some time, has become defunct. The problem with this analysis is that the statutory provision authorizing a court to refuse to enforce a contract because of unconscionability is contingent upon the finding of the court that the contract was "unconscionable *at the time it was made. . . .*" (Emphasis supplied.) OCGA § 11-2-302. At the time of the execution of this contract, there is no doubt that the exclusion of warranty provision was in conformity with the requirements of the law and was not unconscionable. The Supreme Court case of *Freeman v. Hubco Leasing,* 253 Ga. 698 (324 SE2d 462) (1985) is distinguishable because in *Freeman,* the effect of the disclaimer, under all of the circumstances of the agreement and the facts of the case, was to deprive the purchaser of any remedy. I believe that the implied warranty disclaimer in this case is valid and enforceable and that the trial court erred in denying appellant's motion for directed verdict.

Because, based upon the above discussion, it is my opinion that appellant is entitled to judgment as a matter of law, I would not reach the issues concerning attorney fees as discussed in Division 3 nor the enumerations directed to the charge as discussed in Division 4. I would reverse the judgment of the trial court and, therefore, I respectfully dissent.

I am authorized to state that Presiding Judge Banke and Judge Sognier join in this dissent and that Presiding Judge Deen joins this dissent except that as to Division 2 of the majority opinion, he joins this dissent in judgment only.

DECIDED MARCH 19, 1987 —
REHEARING DENIED APRIL 3, 1987 — ▉

*James E. Brim III,* for appellant.
*Ernest H. Woods III,* for appellees.