75181. ADVANCED COMPUTER SALES, INC. v. SIZEMORE.
(366 SE2d 303)

BIRDSONG, Chief Judge.

Advanced Computer Sales appeals from a jury verdict and judgment awarding $5,752.44 to James Sizemore d/b/a Sizemore Bros. Plumbing & Heating Contractors based on Sizemore's revocation of its purchase of computer hardware and software and suit for damages. *Held*:

1. Appellant contends it was entitled to a directed verdict, and the jury verdict was unsupported, on the basis of an express disclaimer of any warranty, express or implied, in the "Equipment Lease" entered into by the parties. Furthermore, appellant contends the contract was a lease agreement and not a contract of sale, and therefore was not subject to remedy by revocation.

We reject these contentions. The jury was authorized to conclude the agreement was a contract of sale and not a lease, despite its being called a lease. See *Redfern Meats v. Hertz Corp.*, 134 Ga. App. 381 (215 SE2d 10). The Uniform Commercial Code at OCGA § 11-2-106 (1) defines contract of sale to include both a present sale of goods and a contract to sell goods at a future time; a "sale" consists in the passing of title from the seller to the buyer for a price. This agreement provided that title would pass to the appellee Sizemore at the conclusion of the contract compliance, with Sizemore to pay ad valorem taxes and receive all tax credits. Moreover, in the peculiar circumstances of the property conveyed, the appellant conveyed to Sizemore not merely a piece of equipment obtained from a third party, but equipment recommended by appellant to mesh with a computer software service or program coordinated or designed by appellant to conform to Sizemore's stated business requirements. This was a sale of equipment and software; it was not a lease or procurement of equipment from a third party so as to justify the view of *Petroziello v. U. S. Leasing Corp.*, 176 Ga. App. 858, 860 (338 SE2d 63). In the case just cited, the agreement was a lease, and title obviously did not pass to the lessee; the lessee was not entitled to the statutory remedy granted to a buyer under OCGA § 11-2-608.

The jury was authorized to find the equipment and service recommended and designed to conform to Sizemore's business requirement, did not conform and was unfit for the purpose intended. Therefore, under OCGA § 11-2-608 Sizemore could revoke his acceptance of the products sold. There is an express waiver of warranties in this contract, but OCGA § 11-2-608 is an available remedy even where the seller has attempted to limit its warranties. *Esquire Mobile Homes v. Arrendale*, 182 Ga. App. 528, 529 (356 SE2d 250). Where circumstances cause an exclusive or limited remedy to fail of its purpose, remedy may be had as provided in the commercial code. If the seller attempts to deprive the buyer of the substantial value of the bargain by including a contract clause excluding all express or implied warranties, the general remedy provisions of the Uniform Commercial Code take effect. *Freeman v. Hubco Leasing*, 253 Ga. 698, 705 (324 SE2d 462); *Esquire Mobile Homes*, supra. It is not necessary to call the warranty exclusion unconscionable and of no effect; it is necessary only to say the commercial code provides a general remedy besides any warranty, and an attempt to modify or limit this statutory remedy will be held ineffective to remove the statutory remedy. Id. pp. 529-530. The fact that a buyer may have a remedy against the manufacturer (see *Petroziello*, supra, involving a true lease) does not affect this remedy which is by law given against the *seller*. Cf. *Esquire Mobile Homes*, supra, pp. 528 (2), 530.

Since the jury was authorized to find this transaction a sale which was properly revoked for nonconformance, the verdict was authorized and a directed verdict for seller was properly denied.

2. It follows from what we just said that the trial court did not err in charging the jury on the subject of revocation of acceptance.

3. The appellant has not shown the award of damages was outside the evidence.

4. The trial court did not err in excluding from evidence a letter written by appellant's attorney to Sizemore's attorney expressing appellant's willingness to "go to Mr. Sizemore's office and make the necessary changes in his program to eliminate this problem." See generally *Brooks v. Fincher*, 150 Ga. App. 201 (257 SE2d 326). Any relevance of this letter is far outweighed by its prejudicial value. It contains several biting references to a purported "personality conflict" and to the attorney's expectance of a response to the letter, "although I think I know what Mr. Sizemore's answer will be." It is self-serving. There was evidence appellant had tried more than once to remedy the nonconformance of the system and the suit was filed, and the sale revoked, when it appeared the system would not or could not be conformed to the use intended; this letter is suggestive of an offer to compromise the suit for it was written more than a year after Sizemore filed suit. The trial court did not err in excluding it.

*Judgment affirmed. Deen, P. J., concurs. Pope, J., concurs in judgment only.*

DECIDED JANUARY 14, 1988 —
REHEARING DENIED FEBRUARY 23, 1988.

*H. Arnold Hammack,* for appellant.
*John A. Meier II, W. Spencer Lee IV,* for appellee.