A05A1286, A05A1287. LEE v. MERCEDES-BENZ USA, LLC; and vice versa.

(622 SE2d 361)

MIKELL, Judge.

A jury returned a general verdict for $25,000 in favor of Pamela Lee in her breach of warranty action against Mercedes-Benz USA, LLC ("MBUSA") under the Magnuson-Moss Warranty Act, 15 USC § 2301 et seq. The trial court entered judgment on the verdict and declined to award attorney fees. In Case No. A05A1286, Lee appeals the denial of her request for attorney fees. In Case No. A05A1287, MBUSA cross-appeals the judgment entered on the verdict, arguing that the trial court erred by denying its motion in limine to exclude evidence of incidental and consequential damages and by charging the jury, over objection, that Lee could recover those damages even though they were excluded under the warranty. We agree with MBUSA and reverse the trial court's judgment.

1. MBUSA argues that evidence of Lee's incidental and consequential damages should not have been admitted because the recovery of such damages was excluded by the vehicle's warranty, which states in pertinent part:

NO PAYMENT OR OTHER COMPENSATION WILL BE MADE FOR INDIRECT OR CONSEQUENTIAL DAMAGE SUCH AS, DAMAGE OR INJURY TO PERSON OR PROPERTY OR LOSS OF REVENUE WHICH MIGHT BE PAID, INCURRED OR SUSTAINED BY REASON OF THE FAILURE OF ANY PART OR ASSEMBLY WHICH MAY BE REPAIRED OR REPLACED IN ACCORD WITH THE TERMS OF THIS WARRANTY.

Some states do not allow the exclusion or limitation of incidental or consequential damages or limitation on how long an implied warranty lasts, so the above limitation may not apply to you.[1]

Although as a general rule, incidental and consequential damages are recoverable in a breach of warranty action,[2] the recovery of such damages may be limited or altered by the parties' contract.[3] Georgia law expressly permits manufacturers of consumer goods to

---

[1] MBUSA warranted that any authorized Mercedes-Benz dealer "will make any repairs or replacements necessary to correct defects in material or workmanship."

[2] OCGA §§ 11-2-714 (3); 11-2-715.

[3] *Fiat Auto U. S. A. v. Hollums*, 185 Ga. App. 113, 114 (2) (363 SE2d 312) (1987), citing OCGA § 11-2-719 (1) (a).

disclaim liability for consequential damages "unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not."[4] As the case at bar does not involve personal injury, the only issue is whether the warranty's exclusion of consequential and incidental property damages is "unconscionable."[5] Pursuant to OCGA § 11-2-302 (1), the question of whether the exclusion is unconscionable is a matter of law for the court to determine.[6] Although MBUSA argued in its motion that the clause at issue was not unconscionable, the trial court did not rule on this question when it denied the motion.

We find no evidence of unconscionability. It has been held that where, as here, the exclusion of liability for incidental or consequential damages is printed in boldface, capital letters and advises the purchaser that the exclusion may not apply to her, the exclusion is not unconscionable.[7] We similarly hold that in the case at bar, the exclusion of liability for incidental or consequential damages is not unconscionable.

Lee apparently does not contend that the exclusion is unconscionable; rather, she argues that it is invalid under OCGA § 11-2-719 (2), which provides: "Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this title." However, this provision applies in cases where the seller attempts to exclude all express or implied warranties.[8] In this case, MBUSA's warranty stated: "THE IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE ARE LIMITED TO 48 MONTHS OR 50,000 MILES FROM THE DATE OF INITIAL OPERATION, WHICHEVER EVENT SHALL FIRST OCCUR." The implied warranties, though limited in duration, were not excluded. Therefore, the limitation did not "fail of its essential purpose" within the meaning of OCGA § 11-2-719 (2).

In light of the undisputed evidence that MBUSA had legally excluded consequential and incidental damages as a remedy for breach of warranty, the trial court erred in denying its motion in

---

[4] OCGA § 11-2-719 (3). See also *NEC Technologies v. Nelson*, 267 Ga. 390, 391 (1) (478 SE2d 769) (1996); *Mark Singleton Buick v. Taylor*, 194 Ga. App. 630, 633 (2) (391 SE2d 435) (1990) ("[t]o the extent that consequential damages are recoverable in breach of contract actions, see OCGA § 13-6-8, a clause excluding such damages is valid and binding unless prohibited by statute or public policy") (citations omitted).

[5] See *NEC Technologies*, supra.

[6] Id. at 395-396 (3).

[7] *Fiat Auto U. S. A.*, supra at 114 (2); see also *NEC Technologies*, supra at 393 (2).

[8] See *Freeman v. Hubco Leasing*, 253 Ga. 698, 705-706 (4) (324 SE2d 462) (1985); *Advanced Computer Sales v. Sizemore*, 186 Ga. App. 10, 11 (1) (366 SE2d 303) (1988).

limine. It follows that it was also error to refuse to instruct the jury on the limitation of such damages.

2. Finally, we cannot say that the error was harmless. The measure of damages in a breach of warranty action "is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."[9] In the case at bar, the buyer's order, which was admitted into evidence, shows that Lee paid a total of $51,148.50 for the vehicle, although she testified that she paid $1,000 less. An automotive specialist testified that, based on his evaluation of the excessive number of repair attempts on the vehicle, its value at the time of sale was $26,000. Accordingly, the jury was presented with evidence that the difference between the value of the car as accepted by Lee and the value it would have had if it had been in the condition warranted by MBUSA was $25,148.50. However, the jury was also presented with evidence of consequential and incidental damages. Lee testified that she lost the use of the vehicle on numerous occasions; that she paid $2,600 for an extended warranty; and that she spent approximately $7,300 on repairs that were not covered by the warranty. The jury was charged that "[a] buyer is also entitled to recover incidental or consequential damages suffered as a result of a seller's breach." The jury returned a general verdict of $25,000. Although this sum is warranted by the evidence of the proper measure of damages, it is impossible to determine whether the jury based its award in part on the evidence of incidental or consequential damages, as no special verdict form was requested or submitted to the jury. Therefore, the verdict cannot stand.[10]

*Judgment reversed in Case No. A05A1287. Appeal dismissed as moot in Case No. A05A1286. Andrews, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 16, 2005 —
RECONSIDERATION DENIED OCTOBER 20, 2005.

*Krohn & Moss, Eric S. Fortas, Amy M. Budow*, for appellant.
*McKenna, Long & Aldridge, Jonathan R. Friedman, J. Patton Dycus*, for appellee.

---

[9] (Citation and punctuation omitted.) *Monroe v. Hyundai Motor America*, 270 Ga. App. 477, 478 (606 SE2d 894) (2004), citing OCGA § 11-2-714 (2).

[10] See generally *Crawford v. Johnson*, 227 Ga. App. 548, 550 (1) (489 SE2d 552) (1997).